# 97 DTA 144

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL I - SAN JUAN**

JOSE M. TOUS RODRIGUEZ
Demandante-Recurrente

v.

THE CHASE MANHATTAN BANK, N.A., HOUSING INVESTMENT CORP., CONSEJO DE
TITULARES DEL CONDOMINIO SEGOVIA; CORPORACION DE SEGUROS X; LUIS
HERNANDEZ, FELIX PADILLA; EVELYN SILVESTRINI, RAUL SILVA, JOSE RIVERA Y SUS
RESPECTIVOS CONYUGES, ET AL.
Demandados-Recurridos

Núm. KLAN-96-00026

San Juan, Puerto Rico, a 23 de junio de 1997

Panel integrado por su Presidente, Juez Rossy García
y los Jueces Aponte Jiménez y Cabán Castro

Cabán Castro, Juez Ponente

Se nos solicita revoquemos una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 5 de diciembre de 1995 y archivada en autos copia de la notificación a las partes el 12 de diciembre de 1995. Mediante dicha sentencia se desestimó en todas sus partes la demanda sobre *"Incumplimiento de contrato, daños y perjuicios por concepto de fraude y de ruinidad de la estructura"*, radicada por la parte demandante-apelante.

El apelante en su recurso ante nos discute los siguientes señalamientos de error:

A. *"Primer error: El Honorable Tribunal incidió en el manejo de la técnica procesal, al negarse a dar por ciertas y correctas las alegaciones de la demanda y al no interpretarlas liberalmente a favor del demandante...*

B. *Segundo error: Erró el Honorable Tribunal de Instancia al desestimar la demanda en cuanto a varios demandados ficticios, aduciendo incumplimiento a las Reglas 4.2 y 15.4 de Procedimiento Civil,...*

C. *Tercer error: El tribunal erró al considerar que el demandante no cumple con los elementos de la legitimación activa...*

D. *Cuarto error: Cometió error el tribunal al desestimar la acción bajo los fundamentos de cosa juzgada e impedimento colateral,...*

E. *Quinto error: Erró el tribunal sentenciador al determinar que la causa en cobro de honorarios contingentes por incumplimiento del contrato de servicios profesionales no procede porque la sentencia original no terminó a favor de los demandantes en esa ocasión,...*

F. *Sexto error: El tribunal erró al determinar que la acción del demandante por daños y perjuicios ex contractu, prescribió al año de haberse dictado la sentencia en el tribunal federal en el 1990, así como la del fraude...".*

No le asiste la razón al apelante. Veamos.

A continuación expondremos una breve relación en forma cronológica de los casos que dan lugar al presente recurso:

## II
**Caso Civil Núm. 79-7994.**

En diciembre de 1979, el presidente del consejo de titulares y los titulares del Condominio Segovia ▪ radicaron una demanda contra el Chase Manhattan Bank Housing Investment Corp., Segovia Development y Maza Construction Co. ▪ En la misma alegaron, entre otras cosas, que el Condominio Segovia adolece de una serie de defectos de construcción cuyo valor ascendía a más de $1,240,000 y que se le habían vendido doce (12) estacionamientos que fueron construidos en terrenos pertenecientes a la Autoridad de Acueductos y Alcantarillados y el Gobierno de Puerto Rico.

En este caso el licenciado José M. Tous Rodríguez era el representante legal de los demandantes junto con el licenciado Rubén Segundo Faura.

Luego de varias enmiendas a la demanda, incidentes procesales y solicitudes de revisión ante el Tribunal Supremo, el 31 de enero de 1986, el Tribunal Superior, Sala de San Juan, dictó una sentencia sumaria parcial. Mediante la misma se desestimaron las reclamaciones hechas por el Consejo de Titulares y la Junta de Directores contra el Chase Manhattan Bank, N.A. (Chase) y la Housing Investment Corporation *"que se derivan de los estatutos que imponen la responsabilidad decenal, la cuantiminosa, la redhibitoria, la cuasidelictual y todas las demás que se derivan de nuestro ordenamiento jurídico que le atañen propiamente a un promotor-vendedor, contratista, arquitecto, constructor o urbanizador de unidades de vivienda"*. Concluyó el Tribunal que estos dos

co-demandados se mantuvieron dentro del marco de las funciones usuales, normales y corrientes de una entidad financiera que concede financiamiento interino de construcción. ■

El 5 de julio de 1990 se dictó sentencia parcial, la cual fue notificada a las partes el 11 de julio de 1990, desestimándose las reclamaciones de todos los demandantes contra el Chase y Housing Investment Corp., con excepción de la de la señora Migdalia Rivera Polanco. ■ Además, se le requirió a los demandantes que en el término improrrogable de diez (10) días, bajo apercibimiento de archivo con perjuicio, activaran el trámite del caso. El 10 de octubre de 1990 se desestimaron con perjuicio las demás reclamaciones de todos los demandantes, excepto la de la señora Migdalia Rivera Polanco, por haber transcurrido en exceso el término que se le concedió para activar el trámite del caso.

En una sentencia dictada por el Tribunal Superior el 12 de marzo de 1991, se desestimó por abandono la causa de acción de la señora Migdalia Rivera Polanco, disponiéndose de esta forma de la totalidad del caso.

## B. Caso Civil Núm. 82-2877.

Para el 1982 el aquí apelante, José M. Tous Rodríguez, radicó una demanda en su carácter personal, como propietario de un apartamento, contra el Chase Manhattan Bank, N.A., por los daños sufridos como consecuencia de los defectos de construcción del Condominio Segovia. El 6 de abril de 1987 se dictó sentencia desestimando el caso por inactividad. ■

El 30 de septiembre de 1994, el apelante radicó una *"Demanda Enmendada"* donde pretendía reabrir el caso. Dicha demanda enmendada es idéntica a la demanda presentada en el caso de autos.

El 20 de octubre de 1994, el Tribunal de Primera Instancia emitió una resolución donde denegó la reapertura del caso y la expedición de emplazamientos por haberse dictado sentencia desestimatoria el 6 de abril de 1987 y haber advenido la misma final y firme, por lo que el tribunal carecía de jurisdicción. C. Caso Federal Núm. 90-2553cc.

.Para el 1990 un grupo de condómines, nuevamente representados por el apelante, radicaron una demanda por los mismos hechos contra:

*"The Chase Manhattan Bank, N.A., and/or Housing Investment Corp. and/or Merrit and Harris Corp. and/or Manuel Jiménez and/or Dionisio Ramírez and their spouses to be named Julia Doe and Sofia Doe and their respective legal society, Segovia Development Corp. and/or Otto Britto, Adriano Roges, Rosendo Fernández and their respective spouses to be named Ana Doe, Jean Doe and Joan Doe and their legal society and/or Construction Project Management and/or Pedro Piquer and his spouse María Doe, and/or Agapito Font and Elizabeth Doe and their legal society, José Rojas González and Nemi Doe and their legal society, Pablo Simón Felico and Tita Doe and their legal society."*

El 12 de mayo de 1992 fue desestimada por no establecerse una causa de acción que justifique la concesión de un remedio e impuso sanción al licenciado José M. Tous Rodríguez por haber instado un pleito frívolo.

## D. Caso Civil Núm. KAC 94-1718.

El 14 de noviembre de 1994, el apelante radicó en el Tribunal de Primera Instancia, Sala Superior de San Juan, una demanda contra:

*"The Chase Manhattan Bank, N.A.; Housing Investment, Corp.; Consejo de Titulares del Condominio Segovia; Corporación de Seguros X; Agapito Font y Juana Doe y la Sociedad Legal de Gananciales compuesta por ambos; Luis Hernández y Ana Doe y la Sociedad Legal de Gananciales compuesta por ambos; Félix Padilla; Raúl Silva; José R. Rivera; Evelyn Silvestrini y sus respectivos cónyuges, así como la Sociedad Legal de Gananciales de cada uno de ellos; A; B; C; D; E; F; G; H; I; J; K; L; M; N; O; y P."*

Dicha demanda es sobre incumplimiento de contrato y daños y perjuicios por concepto de fraude y de ruina de la estructura. El apelante alega, entre otros, que las sentencias de los casos Núm. 79-7994, Núm. 82-2877 y Núm. 90-2553cc se obtuvieron por medio de fraude al tribunal, por lo que son nulas y que debido al fraude no recibió los honorarios contingentes a los que hubiera tenido derecho y se le sancionó en el Tribunal de Distrito Federal.

El 5 de diciembre de 1995, el Tribunal de Primera Instancia dictó la sentencia apelada desestimando la demanda radicada por el apelante, la cual fue notificada a las partes el 12 de diciembre de 1995. El tribunal de instancia concluyó que el apelante *"no cumplió con el trámite de la Regla 15.4 en conjunción con la Regla 4.2 sobre la forma de los emplazamientos, y los demandados desconocidos"*, ■ por lo que tuvo por desistida con perjuicio la demanda en cuanto a todos los demandados desconocidos. También concluyó que al apelante no se le había causado un daño claro, inmediato y real como requiere la doctrina de legitimación activa, y que las defensas de Cosa Juzgada e Impedimento Colateral por sentencia también procederían para desestimar la demanda.

Con base a la determinación del tribunal de instancia referente al incumplimiento con las Reglas 4.2 y 15.4, la demanda en cuanto a las siguientes partes se tuvo por desistida con perjuicio:

*"1. Corporación de Seguros X*

*2. Juana Roe*

*3. Ana Roe*

*4. Los respectivos cónyuges de Félix Padilla, Raúl Silva, José R. Rivera y Evelyn Silvestrini A, B, C, respectivamente, y la Sociedad Legal de Gananciales compuesta por cada uno de ellos, E, F, G, H, I, J, K, L, M, N, O, P."*

El apelante sostiene que erró el tribunal de instancia en esta conclusión, ya que él no podía producir los nombres de los demandados ficticios porque los cónyuges y las personas que los podían producir no han contestado la demanda y no se había comenzado a utilizar los mecanismos de descubrimiento de prueba.

### III

La Regla 4.2 de las de Procedimiento Civil vigente al momento de radicarse la demanda dispone:

*"El emplazamiento deberá ser firmado por el secretario, llevará el nombre y el sello del tribunal con especificación de la sección y sala, y los nombres de las partes; se dirigirá al demandado; hará constar el nombre, dirección y teléfono del abogado del demandante, si lo hubiere, o en su defecto la dirección del demandante, y el plazo dentro del cual estas reglas exigen que de así no hacerlo podrá dictarse sentencia en rebeldía en su contra concediendo el remedio solicitado en la demanda".* ■

En cuanto a la Regla 15.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 15.4, sobre demandado de nombre desconocido la misma dispone:

***"Cuando un demandante ignore el verdadero nombre de un demandado, deberá hacer constar este hecho en la demanda, exponiendo la reclamación específica que alega tener contra dicho demandado.*** *En tal caso, el demandante podrá designar a dicho demandado en cualquier alegación o procedimiento con un nombre ficticio y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación o procedimiento."* (Subrayado nuestro)

La Regla 15.4 antes transcrita que permite entablar una acción contra un o unos demandados desconocidos constituye una excepción a la regla general que requiere que la persona contra quien se dirija la reclamación sea designada en la demanda por su nombre correcto y que se le notifique personalmente. ■ Esta excepción vino a suplir la necesidad de atemperar los efectos de los términos prescriptivos cuando, a pesar de la diligencia del reclamante y del hecho de éste conocer la identidad del deudor, no había podido obtener el nombre correcto para entablar en tiempo la demanda en su

contra. ■

En cuanto al problema de emplazar demandados desconocidos o de nombres desconocidos, la Regla 4.6 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.6, dispone:

"*Cuando se trate de demandados desconocidos su emplazamiento **se hará** por edictos de conformidad con lo dispuesto en la Regla 4.5, dándose cumplimiento sustancial a dichas disposiciones en todo lo posible.*" (Enfasis suplido)

La regla general es que los demandados desconocidos o con nombres desconocidos deben ser emplazados mediante edictos dentro del plazo de seis (6) meses que se establece en la Regla 4.3 (b) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.3. De no lograrse completar este procedimiento dentro del término de seis (6) meses se tiene que solicitar una prórroga donde se exponga las razones justificativas del incumplimiento. ■

En cuanto al caso específico de acciones *in personam,* nuestro Tribunal Supremo dispuso que:

"***sólo se permite demandar designando a la persona con un nombre ficticio cuando se conozca la identidad, pero no el nombre correcto.*** *Sin embargo, para que la decisión del tribunal surta efecto contra la persona así designada, ésta tiene que ser traída al pleito con su nombre correcto luego de que se le notifique con tiempo suficiente para que pueda defenderse de la reclamación.*" ■ (Subrayado nuestro).

En la demanda radicada por el apelante, el 14 de noviembre de 1994, no se expone que esta parte conozca la identidad ni el nombre correcto de las personas que demandará designadas con nombres ficticios. A la fecha de la sentencia había transcurrido más de un año desde la fecha en que se radicó la demanda. No surge del expediente ante nuestra consideración que se haya emplazado a dichos demandados desconocidos por edictos, como permite la Regla 4.6, *supra,* dentro del término de seis meses que dispone la Regla 4.3 (b), ni que se haya pedido prórroga para emplazarlos fuera de dicho término. Por lo que actuó correctamente el tribunal de instancia al tener por desistida con perjuicio la demanda en cuanto a estos demandados. Veamos ahora los señalamientos de error atinentes a la falta de legitimación del apelante, así como sobre cosa juzgada e impedimento colateral.

## IV

El Tribunal de Primera Instancia concluyó en la sentencia aquí apelada, que el Sr. José M. Tous Rodríguez no hizo alegación alguna en la demanda que lo conecte con algún interés propietario en el Condominio Segovia, por lo que de acuerdo a la doctrina de legitimación activa procedería la desestimación de la demanda. Según el profesor Demetrio Fernández Quiñones la doctrina de la justiciabilidad establece que ciertas cuestiones no son justiciables porque no pueden ser resueltas a base de criterios estrictamente judiciales. ■

En *E.L.A. v. Aguayo,* 80 D.P.R. 552 (1958), nuestro Tribunal Supremo expresó que la autoridad de los tribunales para determinar si los casos ante ellos son o no colusorios, académicos o ficticios, nace del principio de que los tribunales existen únicamente para resolver controversias genuinas entre partes opuestas que tienen interés real en obtener un remedio que afecte sus relaciones jurídicas. Añade el Tribunal Supremo que la justiciabilidad es requisito de carácter jurisdiccional.

Al unísono con la doctrina de justiciabilidad se encuentra la doctrina de legitimación de causa o "*standing*". Esta es un instrumento de autolimitación y de prudencia judicial que tiene su génesis en la justiciabilidad de las controversias. ■

En *Colegio de Opticos de P.R. v. Vani Visual Center, supra,* se define legitimación de causa como la capacidad de una parte para realizar con eficacia actos procesales como parte litigante y comparecer como demandante o demandado, o en representación de cualquiera de éstos. Para ser demandante se requiere legitimación activa.

El propósito de este requisito de justiciabilidad es asegurar que el promovente de la acción es uno cuyo interés es de tal índole que, con toda probabilidad, habrá de proseguir su causa de acción

vigorosamente y habrá de traer a la atención del tribunal las cuestiones en controversia. Corresponde al litigante en cada pleito demostrar que tiene la capacidad para demandar y un interés legítimo en el caso. ■■

La determinación de si una parte tiene legitimación activa no es un ejercicio automático; el tribunal debe asumir que las alegaciones de la demanda son ciertas y evaluar la causa de acción de la manera más favorable para el demandante. ■■

El litigante que solicita un remedio judicial tiene que probar:

*"1. que ha sufrido un daño claro y palpable;*

*2. que el daño es real, inmediato y preciso y no uno abstracto o hipotético;*

*3. que existe conexión entre el daño sufrido y la causa de acción ejercitada; y,*

*4. que la causa de acción surge bajo el palio de la constitución o de una ley."* ■■

El apelante no es propietario de apartamento alguno en el Condominio Segovia ni tiene interés propietario alguno en dicho edificio. Por lo que no demostró al tribunal de instancia ni a este Tribunal un daño real, inmediato y preciso en cuanto a la supuesta ruina del Condominio Segovia. En esas circunstancias, el apelante **no tiene legitimación activa** para llevar la causa de acción por ruina.

El apelante tampoco ha demostrado tener la capacidad para realizar con eficacia actos procesales como parte litigante y comparecer como demandante, por lo que actuó correctamente el tribunal de instancia al desestimar su reclamación bajo doctrina de legitimación de causa. El error tercero no fue cometido.

## V

Independientemente de la conclusión a la que hemos llegado, también resulta de aplicación la defensa de cosa juzgada que fue acogida con aprobación por el foro de instancia.

La doctrina de cosa juzgada tiene su origen en Puerto Rico en virtud del Artículo 1204 del Código Civil, 31 L.P.R.A. 3343, que dispone:

*"Las presunciones establecidas por la ley pueden destruirse por la prueba en contrario, excepto en los casos en que aquélla expresamente lo prohiba.*

*Contra la presunción de que la cosa juzgada es verdad, sólo será eficaz la sentencia ganada en juicio de revisión.*

***Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron.***

*En las cuestiones relativas al estado civil de las personas y en las de validez o nulidad de las disposiciones testamentarias, la presunción de cosa juzgada es eficaz contra terceros, aunque no hubiesen litigado.*

*Se entiende que hay identidad de personas siempre que los litigantes del segundo pleito sean causahabientes de los que contendieron en el pleito anterior, o estén unidos a ellos por vínculos de solidaridad o por los que establece la indivisibilidad de las prestaciones entre los que tienen derecho a exigirlas u obligación de satisfacerlas."* (Subrayado nuestro)

Esta doctrina está basada en consideraciones de orden público y de necesidad, ■■ y su propósito es poner fin a los litigios luego de haber sido adjudicados en forma definitiva por los tribunales, garantizando la certidumbre y seguridad de los derechos declarados por resolución judicial. ■■

Tanto la doctrina de Cosa Juzgada como su modalidad de impedimento colateral persiguen como propósitos el proteger a los litigantes contra lo que representa defenderse o probar sus reclamaciones en repetidas ocasiones tratándose de la misma controversia; promover la economía judicial y administrativa al evitar litigios innecesarios y evitar decisiones inconsistentes. ▪

Como se define en *Worldwide Food Distributors, Inc v. Colón Bermúdez, supra*, citando a Manresa, *Comentarios al Código Civil Español,* Tomo VIII, Vol. 2, Madrid, 1967, págs. 278-279, se entiende por cosa juzgada lo ya resuelto por fallo firme de un juez o tribunal competente, conllevando dicho fallo la firmeza de su irrevocabilidad. Se añade que el fundamento de dicha doctrina no es la pretensión de infalibilidad del juzgador, ni el intento de ocultar sus errores, sino que el fundamento se encuentra en la resolución judicial que no tendría fuerza y resultado sino fuera de este modo.

Sobre la resolución judicial, en el caso *Bolker v. Tribunal Superior,* 82 D.P.R. 816 (1961), citando a Borrell y Soler, ▪ se establece que una sentencia produce dos efectos. El primer efecto es el positivo, que consiste en el cumplimiento de la sentencia mediante su ejecución, y el segundo es el negativo, que consiste en la imposibilidad de reproducir el litigio. ▪ Este último evita que en un pleito posterior se litiguen **cuestiones que ya fueron o pudieron haber sido litigadas y adjudicadas.**

Como requiere el artículo 1204 del Código Civil que transcribiéramos antes, para la aplicación de dicha doctrina es necesario que entre el pleito ya resuelto y el caso donde se levanta, concurran los siguientes requisitos: ▪

*"1. Que hubo una primera sentencia válida, final y firme, que por su naturaleza o por **disposición de ley** adjudique la reclamación en sus méritos.*

*2. Que las personas de los litigantes en aquel primer juicio y las personas de los litigantes en el segundo donde se plantea la defensa sean las mismas, y litigan en la misma calidad.*

*3. Que ambos pleitos sean sobre el mismo objeto.*

*4. Que en el primer pleito se pidió idéntico o análogo remedio al que se pide en el segundo, es decir, identidad de causa."*

En los casos radicados en el tribunal de instancia se dictaron varias sentencias desestimatorias por inactividad. Conforme a la Regla 39.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, a menos que el tribunal disponga otra cosa, una desestimación por inactividad **tiene el efecto de una adjudicación** en los méritos. Es decir, que todas las alegaciones hechas en dichos casos se entienden adjudicadas en sus méritos por disposición de ley.

Las sentencias en estos casos fueron dictadas por un tribunal con jurisdicción. Transcurrieron en exceso los términos que tenían las partes para solicitar revisión de éstas, por lo que las mismas son válidasf,finales y firmes.

En cuanto al segundo requisito, se entiende que hay identidad de personas siempre que los litigantes del segundo pleito sean causahabientes de los que contendieron en el pleito anterior, o estén unidos a ellos por vínculos de solidaridad ▪ o por los que establece la indivisibilidad de las prestaciones entre los que tienen derecho a exigirlas u obligación de satisfacerlas.

Todos los condómines en el caso 79-7994 estuvieron representados por el Consejo de Titulares del Condominio. Aplicando la doctrina de representación, las actuaciones del Consejo de Titulares del Condominio provee el vínculo de solidaridad que le obliga y constituye un impedimento para que otro condómine vuelva a ejercer la misma acción que se ventiló en dicho proceso. ▪

En cuanto a la parte demandada en los casos anteriores, se incluyeron como demandados los siguientes: The Chase Manhattan Bank, N.A., Housing Investment Corp., Agapito Font, su esposa Elizabeth Doe y la sociedad legal de gananciales compuesta por ambos. En el caso de autos dichas personas también fueron incluidas como demandados.

Concluimos que existe identidad de personas entre los litigantes en los pleitos anteriores y los litigantes mencionados del presente caso, la calidad en que lo fueron y la que son ahora.

Según el Tribunal Supremo el requisito de *"identidad de cosa"* en el contexto de la doctrina de cosa juzgada se refiere al objeto o materia sobre el cual se ejercita la acción. El objeto de aquellos primeros litigios eran los supuestos vicios de construcción del Condominio Segovia y el plan de defraudar de los demandados. En el presente caso se traen nuevamente los supuestos vicios de construcción del Condominio Segovia y el plan de los demandados. Existe identidad de cosa entre los pleitos anteriores y el de epígrafe.

El requisito de identidad de causa se refiere al motivo de pedir. La causa en la demanda de autos y la de los pleitos anteriores son los daños y perjuicios por la ruina del condominio y el plan de defraudar supuestamente cometido por los demandados. Se solicitó, en una de las ocasiones anteriores, se condenara al Chase a pagarle lo que el apelante alega perdió al ejecutársele el apartamento, se solicitó en todos los casos anteriores una cantidad por daños y perjuicios tanto por la ruina del edificio como por el fraude, costas, intereses y honorarios de abogado.

Es incuestionable que todas las reclamaciones surgieron de los mismos hechos. De igual modo, es innegable que existió la más perfecta identidad entre las cosas y causas objeto de las acciones. No sólo las reclamaciones del demandante en los distintos foros surgen de los mismos hechos, sino que la causa de acción es la misma (daños y perjuicios); los demandados son los mismos; los testigos y peritos son esencialmente los mismos. De la misma manera son similares la teoría a ser sustentada por el demandante en los distintos foros, así como la teoría de defensa de los demandados.

Siendo las primeras sentencias finales y firmes, mediante las cuales se adjudicaron la reclamación en sus méritos por abandono en varias de ellas, y en otras se adjudicó la controversia en sus méritos, y concurriendo los cuatro requisitos necesarios para la aplicación de la doctrina de cosa juzgada, dictaminó correctamente el tribunal de instancia al acoger con aprobación la defensa de cosa juzgada invocada como fundamento desestimatorio.

## VI

En lo que respecta a la causa de acción predicada en la alegada intervención de los demandados en las relaciones contractuales de éste con sus clientes, imputando fraude al tribunal en la obtención de las sentencias en cuestión, la misma está prescrita.

El peticionario reclama como daños los honorarios por contigencia que dejó de devengar como resultado del alegado fraude al tribunal. Las reclamaciones de daños por acciones culposas como ésta (fraude) están regidas por el artículo 1802 del Código Civil, 31 L.P.R.A. § 5141:

*"El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado. La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización.*

*Las acciones bajo este artículo prescriben por el transcurso de **un (1) año** desde que lo supo el agraviado. 31 L.P.R.A. § 529B.*

*La sentencia en el caso federal núm. 90-2553 cc fue dictada el 12 de mayo de 1992 y la demanda de epígrafe fue radicada el 14 de noviembre de 1994, habiendo transcurrido en exceso el término de un (1) año antes dispuesto.*

*Los errores quinto y sexto señalados por el apelante tampoco fueron cometidos. Lo anteriormente expresado derrota su pretensión en lo referente a dichos errores..."*

Por ser un ejercicio totalmente fútil dado su frivolidad y porque no afectaría el resultado del presente litigio, tampoco discutiremos si erró instancia en el manejo de la técnica procesal (error primero).

## VII

Por todo lo antes expuesto, se confirma la sentencia apelada.

## ESCOLIOS 97 DTA 144

**1.** La parte demandante en dicho caso se componía del señor Catino Santos, Presidente del Consejo de Titulares del Condominio Segovia en aquel entonces, y los titulares del Condominio Segovia.

**2.** Dicha demanda fue suscrita por el licenciado Rubén Segundo Faura.

**3.** No surge del expediente ante nos cuándo fue notificada dicha sentencia.

**4.** Se adoptó íntegramente en dicha sentencia un informe realizado por el Comisionado Especial, Lic. Enrique Rivera Santana, el 12 de junio de 1990.

**5.** Se archivó en autos copia de la notificación de ésta el 7 de abril de 1987.

**6.** Página 2 de la sentencia apelada.

**7.** 32 L.P.R.A. Ap. II, R. 4.2 (1983).

**8.** *Núñez González v. Jiménez Miranda,* 122 D.P.R. 134, 139 (1988).

**9.** *Núñez González v. Jiménez Miranda, supra,* 140. Véase, también, *Fuentes v. Tribunal de Distrito,* 73 D.P.R. 959 (1952).

**10.** *Núñez González v. Jiménez Miranda, supra,* 143.

**11.** *Núñez González v. Jiménez Miranda, supra,* 141; véase, también, *Ortiz Díaz v. R. & R. Motor Sales Corp.,* **92 J.T.S. 140,** opinión emitida el 26 de octubre de 1992.

**12.** Serrano Geyls, Derecho Constitucional de Estados Unidos y Puerto Rico, 1ra ed., 1986, vol. I, pág. 100.

**13.** *Colegio de Opticos de P.R. v. Vani Visual Center,* 124 D.P.R. 559, 563 (1989).

**14.** *Hernández Torres v. Hernández Colón,* **92 J.T.S. 16,** opinión emitida el 31 de enero de 1992; *Colegio de Opticos de P.R. v. Vani Visual Center, supra,* 564; *Hernández Agosto v. Romero Barceló,* 112 D.P.R. 407 (1982).

**15.** *Colegio de Opticos de P.R. v. Vani Visual Center, supra,*

**16.** Véanse: *Hernández Torres v. Hernández Colón, supra; Hernández Agosto v. Romero Barceló, supra; Fundación Arqueológica v. Departamento de la Vivienda,* 109 D.P.R. 407 (1982).

**17.** *Worldwide Food Distributors, Inc. v. Colón Bermúdez,* **93 J.T.S. 114,** opinión emitida el 30 de junio de 1993; *Rodríguez Rodríguez v. Colberg Comas,* **92 J.T.S. 102,** opinión del 30 de junio de 1992; *Pérez v. Bauzá,* 83 D.P.R. 220 (1961).

**18.** *Worldwide Food Distributors, Inc. v. Colón Bermúdez, supra.*

**19.** *Rodríguez Rodríguez v. Colberg, et al, supra.*

**20.** *Derecho Civil Español,* tomo I, 1955, pág. 593.

**21.** También citado en *Feliciano Ruiz v. Alfonso Develop Corp.,* 96 D.P.R. 108 (1968).

**22.** Véanse *Rodríguez Oyola v. Marchado Díaz,* **94 J.T.S. 82,** opinión emitida el 3 de junio de 1994; *Worldwide Food Distributors, Inc. v. Colón Bermúdez, supra; Rodríguez Rodríguez v. Colberg Comas, supra; Lausell Marxuach v. Díaz de Yáñez,* 103 D.P.R. 533 (1975).

**23.** La solidaridad a la que se refiere la doctrina es en cuanto a aquellos pleitos en que el litigante en el segundo pleito se

apoya en los mismos títulos que el primer litigante como sucede en el caso de herederos o causahabientes en relación con los bienes del finado. *Araujo v. Arenas,* 60 D.P.R. 284 (1942).

24. Wright, Miller and Cooper, *Federal Practice and Procedure, Jurisdiction, Res Judicata,* West, Sects. 4456, 4457.

25. *Worldwide Food Distributors, Inc. v. Colón Bermúdez, supra; Lausell Marxuach v. Díaz Yáñez, supra.*

26. *Worldwide Food Distributors, Inc. v. Colón Bermúdez, supra.*