RICARDO NÚÑEZ GONZÁLEZ, ETC., demandantes y recurrentes, *v.* ANTONIO JIMÉNEZ MIRANDA, ETC., demandados y recurridos.

*Número:* RE-86-651 *Resuelto:* 30 de junio de 1988

*José S. Brenes-La Roche*, abogado de los recurrentes; *Amancio Arias Guardiola*, de *Arias Cestero & Arias Guardiola*, abogado de los recurridos.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

El 22 de abril de 1986, Ricardo Núñez González, Brenda Abreo y la Sociedad de Gananciales compuesta por ambos presentaron ante el Tribunal Superior, Sala de San Juan, una demanda en la que reclamaron daños y perjuicios.[1] En el epígrafe hicieron constar como demandados a Antonio Jiménez Miranda, Ana María Fernández Valdés, la Sociedad de Gananciales compuesta por ambos, John Doe y Richard Roe, compañías aseguradoras así denominadas por desconocerse su verdadero nombre, y la Asociación de Condóminos Condominio Richard Roe, así denominada por desconocerse su verdadero nombre. Alegaron que el codemandado Jiménez Miranda de forma negligente hirió "de bala en la parte frontal izquierda de la cabeza" al codemandante Ricardo Núñez González[2] y, como consecuencia de este acto negligente, los demandantes sufrieron los daños reclamados.

En relación con los demandados de nombres desconocidos, en el párrafo cuarto de la primera causa de acción alegaron lo siguiente:

CUARTO: Que la negligencia imputada al co-demandado ANTONIO JIMENEZ MIRANDA le es igualmente imputada

---

[1] También comparecieron como demandantes Amelia González, Juan Núñez Santiago y Juan Núñez González, padres y hermano, respectivamente, del codemandante Ricardo González Núñez.

[2] De acuerdo con lo alegado, al recibir la herida de bala Ricardo Núñez González se encontraba en la acera frente al condominio donde vive el codemandado Jiménez Miranda. Este último al "descubrir que su apartamento fue escalado salió apresuradamente al balcón del mismo, y desde el segundo piso negligentemente abrió fuego hiriendo" a Núñez González. *Exhibit* E, pág. 6.

por virtud de ley a los co-demandados SOCIEDAD LEGAL DE GANANCIALES, ANA MARIA FERNANDEZ VALDES y la ASOCIACION DE CONDOMINES del edificio de condominios donde reside el co-demandado ANTONIO JIMENEZ MIRANDA aquí denominada como RICHARD ROE, así como a los co-demandados JOHN, JOE y RICHARD DOE compañías aseguradoras así denominadas por desconocerse su verdadero nombre, quienes a la fecha de los hechos que motivaron la demanda tenían expedida pólizas de seguros a favor de la ASOCIACION co-demandada así como a favor del co-demandado ANTONIO JIMENEZ MIRANDA, y en protección del condominio propiedad de éste último, para responder por daños como los que aquí se alegan. *Exhibit* E, pág. 6.

El 30 de junio de 1986, luego de ser emplazados, los codemandados Jiménez Miranda, Fernández Valdés y la Sociedad de Gananciales compuesta por ambos contestaron la demanda. Iniciado el descubrimiento de prueba, la parte demandante envió dos pliegos de interrogatorio a estos demandados. Así las cosas, el 6 de noviembre de 1986 el tribunal dictó sentencia parcial en la que daba por desistida la acción contra los demandados de nombres desconocidos, John Doe y Richard Roe, compañías aseguradoras, y la Asociación de Condóminos, Condominio Richard Roe, y ordenó el archivo con perjuicio por haber transcurrido el período de seis (6) meses que dispone la Regla 4.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, sin que los hubiesen emplazado. Esta sentencia parcial se notificó el 10 de noviembre de 1986.[3] La parte demandante oportunamente solicitó reconsideración. En esta moción informó al tribunal que no habían podido emplazar a las compañías aseguradoras, porque los demandados aún no habían contestado los interrogatorios para in-

---

[3] Esta sentencia fue dictada y notificada dos (2) veces, una el 6 y el 10 de noviembre de 1986, sin utilizar el formato del tribunal, y otra el 12 y el 14 de noviembre de 1986, utilizando el formato.

formar los nombres y direcciones de las mismas. El tribunal denegó de plano la reconsideración.

Inconformes, el 29 de diciembre de 1986 los demandantes presentaron recurso de revisión. Alegaron, en síntesis, que el tribunal de instancia no ejerció adecuadamente su discreción al rehusar reconsiderar su decisión de dar por desistida la acción contra las compañías aseguradoras de nombres desconocidos. Adujeron que medió justa causa o negligencia excusable para no haber emplazado dentro del término de seis (6) meses que establece la Regla 4.3(b) de Procedimiento Civil, *supra*. Decidimos revisar y expedimos el recurso. La parte demandante presentó alegato; el demandado sometió el recurso sin alegato.

I

*Jurisdicción de este Tribunal*

El recurso se presentó pasados los treinta (30) días del archivo en autos de copia de la notificación de la sentencia. Regla 53.1(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III. Al ser rechazada de plano la moción de reconsideración, ésta no interrumpió el término para presentar el recurso de revisión. *Pérez Rodríguez v. P.R. Park. Systems, Inc.*, 119 D.P.R. 634 (1987); *Rodríguez Rivera v. Autoridad Carreteras*, 110 D.P.R. 184, 187 (1980); *Soc. de Gananciales v. A.F.F.*, 108 D.P.R. 644 (1979); *De León Velázquez v. Frito Lay's, Inc.*, 107 D.P.R. 46 (1978). Sin embargo, debido a que la sentencia parcial que estamos revisando aún no es final, no carecemos de jurisdicción. El tribunal de instancia no determinó específicamente en la sentencia que no existía razón para posponer el dictar la sentencia parcial. Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III; *Asociación de Propietarios v. Santa Bárbara Co.*, 112 D.P.R. 33 (1982); *Camaleglo v. Dorado Wings, Inc.*, 118 D.P.R. 20 (1986); *Díaz v. Navieras de P.R.*, 118 D.P.R. 297 (1987).

El recurso apropiado para revisar una sentencia que aún no es final es el auto de *certiorari*. Este recurso no tiene término. Sec. 14(b) y (f) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley Núm. 11 de 24 de julio de 1952, según enmendada, 4 L.P.R.A. sec. 37(b) y (f); Reglas 17 y 21 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. I-A; *Dumont v. Inmobiliaria Estado Inc.*, 113 D.P.R. 406, 416 (1982); A.R. Calderón y D. Rivé, *Manual de Procedimientos Apelativos*, Santurce, Ed. Rev. Jur. U.I.A., 1987, Caps. III y IV. Por lo tanto, considerado el recurso presentado como *certiorari*, lo expedimos. *U.P.R. v. Merced Rosa*, 102 D.P.R. 512, 513 (1974).

## II

*Demandados designados con nombres ficticios*

■ Las disposiciones que permiten entablar una acción contra demandados desconocidos constituyen excepciones a la regla general que requiere que la persona contra quien se dirige una reclamación sea designada en la demanda por su nombre correcto y que se le notifique personalmente. Así se le garantiza el derecho a ser oído que exige el debido proceso de ley. *Rodríguez v. Nasrallah*, 118 D.P.R. 93 (1986); *Hach Co. v. Pure Water Systems, Inc.*, 114 D.P.R. 58 (1983); *Mundo v. Fúster*, 87 D.P.R. 363 (1963).

■ Estas excepciones surgieron con la necesidad de balancear el interés legítimo de los estados de que ciertas decisiones relacionadas con propiedades localizadas dentro de su territorio pudieran surtir efecto *erga omnes*, evitando así reclamaciones futuras frente al derecho al debido proceso de ley de las personas cuyos intereses propietarios pudiesen quedar afectados. Además, vinieron a suplir la necesidad de atemperar los efectos de los términos prescriptivos cuando, a pesar de la diligencia del reclamante y del hecho que éste

conocía la identidad del deudor, no había podido obtener el nombre correcto para entablar en tiempo la demanda en su contra. Nota, *Designation of Defendants by Fictitious Names—Use of John Doe Complaints*, 46 Iowa L. Rev. 773 (1961); *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306 (1950); *Fuentes v. Tribl. de Distrito*, 73 D.P.R. 959 (1952).

■ En Puerto Rico las Reglas 4.6 y 15.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, son las que tratan con el problema de los demandados desconocidos o de nombres desconocidos:

*4.6. Emplazamiento a demandados desconocidos*

Cuando se trate de demandados desconocidos su emplazamiento se hará por edictos de conformidad con lo dispuesto en la Regla 4.5, dándose cumplimiento sustancial a dichas disposiciones en todo lo posible.

. . . . . . . .

*15.4. Demandado de nombre desconocido*

Cuando un demandante ignore el verdadero nombre de un demandado, deberá hacer constar este hecho en la demanda, exponiendo la reclamación específica que alega tener contra dicho demandado. En tal caso, el demandante podrá designar a dicho demandado en cualquier alegación o procedimiento con un nombre ficticio y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación o procedimiento.

■ Las acciones *in rem* o *quasi in rem* pueden ir dirigidas contra la propiedad en sí o contra personas designadas por sus nombres correctos o con nombres ficticios, cuando se desconoce sus nombres verdaderos o si existen o no. Este tipo de acción va encaminada a evitar futuras reclamaciones relacionadas con la propiedad. Nota, *supra*; *Mullane v. Central Hanover Tr. Co.*, supra. El método que se utilice para notificar a estos demandados desconocidos tiene que ser aquel que razonablemente se pueda esperar que bajo todas las circunstancias les advierta de la acción que está pen-

diente y brinde la oportunidad, si así lo desean, de comparecer y presentar sus objeciones. *Rodríguez v. Nasrallah*, supra. Ahora bien, en acciones *in personam*, aquellas dirigidas contra la persona, sólo se permite demandar designando a la persona con un nombre ficticio cuando se conozca la identidad, pero no el nombre correcto. Sin embargo, para que la decisión del tribunal surta efecto contra la persona así designada, ésta tiene que ser traída al pleito con su nombre correcto luego de que se le notifique con tiempo suficiente para que pueda defenderse de la reclamación.

■ La Regla 4.6 de Procedimiento Civil, *supra*, permite el emplazamiento de todo tipo de demandado desconocido. De otra parte, la Regla 15.4 de Procedimiento Civil, *supra*, sobre la capacidad de comparecer como demandado sólo se refiere a demandados de nombres desconocidos y exige que "al descubr[ir] el verdadero nombre, [el demandante haga], con toda prontitud la enmienda correspondiente en la alegación". Esta regla proviene de la Sec. 474 del Código de Procedimiento Civil de 1872 de California. Se incorporó originalmente a nuestro ordenamiento procesal a través del Art. 141 del Código de Enjuiciamiento Civil.

■ En *Ortiz v. Gobierno Municipal de Ponce*, 94 D.P.R. 472 (1967), tuvimos la oportunidad de analizar una situación similar a la de autos.[4] Se trataba de una demanda de daños y perjuicios presentada contra el Municipio de Ponce y su compañía aseguradora. A esta última se le designó en la demanda con un nombre ficticio por desconocerse su verdadero nombre. Allí, al igual que en el caso ante nuestra consideración, este hecho se alegó específicamente en la demanda. Posteriormente, y ya transcurrido el término prescriptivo,

---

[4] En este caso aplicamos la Regla 15.5 de Procedimiento Civil de 1958, predecesora de la actual Regla 15.4 (32 L.P.R.A. Ap. III).

se enmendó la demanda para incluir a la compañía aseguradora por su nombre correcto. Al contestar, la compañía aseguradora levantó la defensa de prescripción. Citando, con aprobación, lo resuelto por los tribunales de California, expresamos:

> En California, cuyo Art. 474 del Código de Procedimiento Civil corresponde al 141 nuestro, se ha resuelto consistentemente que cuando en la demanda se intenta alegar una causa de acción contra el demandado a quien se designa con un nombre ficticio y su verdadero nombre se descubre posteriormente, haciéndose la correspondiente sustitución mediante enmienda, se le considera como una parte en el pleito desde la interposición de la demanda original, y es ésa la fecha a considerar para determinar cualquier planteamiento sobre prescripción extintiva. *Ortiz v. Gobierno Municipal de Ponce*, supra, pág. 478.

◼ Bajo las circunstancias específicas del caso de autos, por tratarse de una acción *in personam*, es necesario que para que se pueda responsabilizar a las compañías aseguradoras designadas con nombres ficticios, se les incluya en la demanda con su nombre correcto y se les notifique ésta, de ser posible personalmente, con tiempo suficiente para que puedan comparecer y defenderse. La enmienda que se haga se retrotraerá a la fecha de la presentación de la demanda original. Si se determina que la demanda original se presentó a tiempo, la acción no estará prescrita. Regla 13.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

## III

*La Regla 4.3(b) de Procedimiento Civil y el demandado con nombre ficticio*

◼ En relación con la Regla 4.3(b) de Procedimiento Civil, *supra*, como regla general, en casos de demandados desconocidos o demandados con nombres desconocidos éstos deberán ser emplazados mediante edictos dentro del plazo

de seis (6) meses allí establecido. Reglas 4.6 y 4.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III. En el caso de acciones *in personam*, donde se hayan incluido demandados con nombres desconocidos, es menester, además, enmendar la demanda para incluirlos con sus verdaderos nombres y notificarles de la misma con tiempo suficiente para que puedan comparecer y defenderse. Regla 67 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

 En este tipo de acción, primero, los demandantes pueden optar por utilizar los mecanismos de descubrimiento de prueba para obtener los nombres verdaderos y las direcciones de los demandados designados con nombres ficticios y luego proceder a enmendar la demanda y emplazarlos personalmente. Regla 15.4 de Procedimiento Civil, *supra*. Si se decide por este curso procesal hay que ser conscientes que si no se logra completar el proceso dentro del término de seis (6) meses que dispone la Regla 4.3(b) de Procedimiento Civil, *supra*, se tiene que solicitar prórroga que exponga las razones justificativas del incumplimiento. Regla 68.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III. De otra parte, si no solicitan la prórroga correspondiente y el tribunal da por desistida la acción y ordena su archivo con perjuicio, se puede solicitar reconsideración, Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, o relevo de sentencia, Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, que exponga allí las razones que justifican la tardanza. El tribunal tiene discreción para dejar sin efecto la sentencia y extender el término para emplazar. *Banco Metropolitano v. Berríos*, 110 D.P.R. 721 (1981); *Lugo v. Municipio de Bayamón*, 111 D.P.R. 679 (1981); *Ortalaza v. F.S.E.*, 116 D.P.R. 700 (1985); *Pietri González v. Tribunal Superior*, 117 D.P.R. 638 (1986).

 A la luz de los principios procesales antes expuestos, analicemos las actuaciones del tribunal de instancia

al aplicar las Reglas 4.6, 4.3(b), 15.4, 68.2 y 47 de Procedimiento Civil, *supra*. Comenzaremos por reiterar que "[a]l interpretar las Reglas de Procedimiento Civil hay que tener presente, como principio rector, que éstas no tienen vida propia, sólo existen para viabilizar la consecución del derecho sustantivo de las partes". *Dávila v. Hosp. San Miguel, Inc.*, 117 D.P.R. 807, 816 (1986). Los peticionarios en el caso de autos hicieron constar tanto en el epígrafe de la demanda como en las alegaciones dentro del cuerpo de la misma que por desconocer el nombre verdadero de las compañías aseguradoras las estaban designando con nombres ficticios. También hicieron alegaciones específicas en relación con la responsabilidad que le imputaban a estas aseguradoras. Además, utilizaron con diligencia los mecanismos de descubrimiento de prueba para tratar de obtener los nombres correctos y las direcciones de las compañías aseguradoras que habían designado con nombres ficticios. Si no tuvieron éxito en lograr la información dentro del plazo de seis (6) meses que concede la Regla 4.3(b) de Procedimiento Civil, *supra*, fue precisamente debido a la conducta de los demandados. Éstos, al solicitar varias prórrogas para contestar los interrogatorios impidieron que la información llegase a tiempo a manos de los demandantes.

Ahora bien, al dictar la sentencia parcial el tribunal no era consciente de las gestiones que estaban llevando a cabo los demandantes para obtener la información que les permitiría cumplir con las Reglas 15.4 y 4.3(b) de Procedimiento Civil, *supra*. A tenor con lo dispuesto en la Regla 67.4 de Procedimiento Civil, *supra*, ni los interrogatorios ni las contestaciones a los mismos se presentan en el tribunal. Sin embargo, una vez advino en conocimiento de estos hechos a través de la moción de reconsideración presentada por los demandantes, debió, en el ejercicio de su discreción, reconsiderar su decisión de dar por desistidas con perjuicio las re-

145

clamaciones contra las compañías aseguradoras y conceder a los demandantes un término razonable, después de obtenida la información necesaria de parte de los demandados, para enmendar la demanda y emplazar a las aseguradoras por sus verdaderos nombres.

Por todo lo anteriormente expuesto, *se dictará sentencia que revoque la sentencia parcial dictada por el Tribunal Superior, Sala de San Juan, el 6 de noviembre de 1986 y se devolverá el caso al tribunal de origen para que continúen los procedimientos compatibles con esta opinión.*

Los Jueces Asociados Señores Negrón García y Rebollo López no intervinieron.