# 96 DTA 73

## TRIBUNAL DEL CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE BAYAMON

LUIS A. MARTINEZ ROBLES ETC.
Apelantes

v.

HECTOR F. MONTALVO ETC.
Apelados

Núm. KLAN-95-01377

San Juan, Puerto Rico, a 30 de abril de 1996

Panel integrado por su presidenta, la Juez Fiol Matta,
la Juez Rodríguez de Oronoz y el Juez Gierbolini

Gilberto Gierbolini, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La parte apelante en el caso de epígrafe nos solicita mediante recurso de apelación el revisar la Sentencia del Tribunal de Primera Instancia, Sub-sección de Distrito, emitida el 5 de mayo de 1995, y cuya copia de la notificación fue archivada en autos el 31 de mayo de 1995. En dicha sentencia, emitida de forma sumaria, el tribunal de instancia ordenó a la parte demandada-apelante a pagar la suma de $9,212.50 más $1,000.00 en concepto de honorarios de abogado, así como las costas y gastos del proceso. La parte demandada presentó en el foro de instancia una Moción de Reconsideración el 9 de junio del mismo año. El 15 de junio de 1995 presentó una segunda moción en la que, además de solicitar nuevamente la reconsideración de la sentencia, solicitó determinaciones de hechos adicionales. Ambas mociones fueron declaradas No Ha Lugar por el foro de instancia el 26 de octubre de 1995. El 1 de noviembre de 1995 fue archivada en autos copia de la notificación de esta resolución. El 4 de diciembre de 1995, fue presentado el presente recurso de apelación en la Sala de Investigaciones de San Juan, Sub-sección de Distrito a las 10:25 de la noche. El mismo fue finalmente presentado en la Secretaría de este Tribunal el 12 de diciembre de 1995. La parte apelada presentó su alegato el 4 de enero de 1996. Por carecer de jurisdicción para considerar el presente recurso, procede su **DESESTIMACION**.

### I

De conformidad con el Reglamento del Tribunal de Circuito de Apelaciones, las apelaciones en los casos civiles serán formalizadas mediante la presentación de un escrito de apelación en la Secretaría de este Tribunal o en la Secretaría del Tribunal revisado dentro del término de 30 días a partir del archivo en autos de copia de la notificación de la sentencia que es objeto de apelación, Véanse, Reglas 14, 15 y 16 del Reglamento del Tribunal de Circuito de Apelaciones (1995).

En el presente caso, la sentencia apelada fue emitida el 5 de mayo de 1995. La copia de la notificación de la misma fue archivada en autos el 31 de mayo del mismo año. El 9 de junio de 1995, y dentro del término de 15 días prescrito por la Regla 47 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, Regla 47 (1983), la parte demandada y aquí apelante presentó una Moción de Reconsideración. El 15 de junio del mismo año, transcurridos 15 días desde el archivo en autos de copia de la notificación de la sentencia, y sin que el foro de instancia emitiera pronunciamiento alguno respecto a la moción del 9 de junio, la apelante presentó un escrito que tituló *"Moción Solicitando Determinaciones Adicionales de Hechos y Reconsideración"*. Como su título sugiere, en esta segunda moción post sentencia, el demandado-apelante solicitó Determinaciones de Hechos Adicionales y solicitó nuevamente la reconsideración de la sentencia del 5 de mayo de 1995.

La moción de reconsideración del 15 de junio, aunque presentada dentro de los 15 días del archivo en autos de copia de la notificación de la sentencia, fue repetitiva, pues ya había una moción de reconsideración ante el tribunal de instancia sobre la cual nada había dispuesto. Por su parte, la Solicitud de Determinaciones de Hechos Adicionales que también argumentó en dicha moción, fue presentada fuera del plazo jurisdiccional de 10 días que prescriben las Reglas de Procedimiento Civil. Este plazo es improrrogable, 32 L.P.R.A. Apéndice III, Reglas 43.3 y 68.2 (1983); *Canales vs. Converse,* **92 J.T.S. 9;** *Sociedad de Gananciales vs. A.F.F.* 108 D.P.R. 644 (1979). En este sentido, dicha solicitud no podía ser acogida por el tribunal de instancia como válidamente presentada, y cualquier determinación de dicho foro al respecto debe ser considerada como emitida sin jurisdicción.

La Regla 43.3 permite la consolidación de una Moción de Reconsideración con una Solicitud de Determinaciones de Hechos Adicionales, 32 L.P.R.A. Apéndice III, Regla 43.3 (1983). Sin embargo, tal regla *"no autoriza la extensión del término de diez días establecido para la radicación de esta última",* *Sociedad de Gananciales vs. A.F.F.* 108 D.P.R. 644 a las páginas 646-47.

Como expresamos antes, la primera solicitud de reconsideración fue presentada el 9 de junio de 1995. El tribunal de instancia tenía entonces hasta el 19 de junio de 1995 para considerarla o de lo contrario, la misma debía ser considerada como rechazada de plano y no quedaban interrumpidos los términos para acudir a un foro apelativo, *Núñez González vs. Jiménez Miranda,* 122 D.P.R. 134 (1988); *Rodríguez Rivera vs. Autoridad de Carreteras,* 110 D.P.R. 184 (1980). El foro de instancia, sin embargo, no actuó dentro de dicho término. Aún si computamos el plazo de 10 días a partir de la

solicitud de reconsideración del 15 de junio de 1995, el resultado es el mismo, pues dentro de los 10 días siguientes a esta solicitud no hubo expresión alguna del tribunal sentenciador. Este ni siquiera actuó dentro del término de 30 días que tenía la parte demandada-apelante para acudir mediante apelación ante este tribunal; véase, *Dumont vs. Inmobiliaria Estado Inc.,* 113 D.P.R. 406 (1982). La única expresión del foro de instancia posterior a la sentencia apelada fue emitida el 26 de octubre de 1995 y notificada el 1 de noviembre del mismo año, transcurridos más de 4 meses desde la presentación de la moción del 9 de junio, así como la del 15 del mismo mes; véase, Apéndice Conjunto, a las páginas 51-52.

A la luz de lo antes expuesto, debemos concluir que una vez transcurrieron los días desde la presentación de la Moción de Reconsideración, ya sea la del 9 de junio de 1995 ó la del 15 de junio del mismo año, sin que el foro de instancia actuara, dicha moción debió ser considerada como rechazada de plano, por lo que el término para apelar desde el archivo en autos de copia de la notificación de la sentencia no fue interrumpido. Así, los 30 días para acudir a un foro apelativo expiraron el 4 de julio de 1995. Al ser éste un día no laborable, el término quedó prorrogado hasta el 5 de julio de 1995. Este día venció el plazo para que los demandados-apelantes acudieran ante este tribunal mediante recurso de apelación.

## II
Por otro lado, a igual conclusión llegamos si acogemos la determinación del foro de instancia del 26 de octubre de 1995 como emitida válidamente. Nótese que la copia de esta determinación fue archivada en autos el 1 de noviembre de 1995. Los 30 días para apelar ante este tribunal, conforme nuestro Reglamento expiraron el viernes, 1 de diciembre del mismo año. El apelante, en cambio, presentó su escrito de apelación el 4 de diciembre de 1995, a las 10:25 de la noche en la Sala de Investigaciones de San Juan, Sub-sección de Distrito.

Los tribunales no podemos considerar una apelación luego de expirado el término para su presentación. Un defecto de esta naturaleza no puede ser subsanado por los tribunales, *Vázquez vs. A.R.P.E.,* **91 J.T.S. 53**; *González Santos vs. Bourns Puerto Rico, Inc.*, **89 J.T.S. 107.**

## III
Por los fundamentos expuestos, **DESESTIMAMOS** la presente apelación. **DEVOLVEMOS** el caso a instancia para cualquier procedimiento ulterior compatible con lo aquí expresado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General