Córdova Arone, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
La Sa. Zoraida Cuevas recurre de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, de 3 de enero de 1997, mediante la cual se declaró sin lugar una moción desestimatoria de demanda. Se confirma la resolución recurrida.
I
El 8 de febrero de 1995 la Sa. Carmona presentó una demanda por daños y perjuicios ante el Tribunal de Primera Instancia, Sala Superior de San Juan, por hechos ocurridos el 8 de febrero de 1994. En la demanda incluyó como demandados al Sr. Julio Jiménez (Sr. Jiménez); su esposa, a quien por desconocer su nombre llamó Fulana de Tal; la Sociedad de Gananciales compuesta por éstos; Corporación A, B, C; Compañías de Seguros D, E, F; Sutano de Tal y a Mengano de Tal.
La Sa. Carmona alega en su demanda haber sufrido daños y perjuicios al ser atacada por un perro Rotweiller que se encontraba en una propiedad sita en la calle Manuel F. Rossy Núm. 209 en Baldrich, y que ésta así como el perro son propiedad de los co-demandados Sr. Julio Jiménez y su esposa Fulana de Tal.
El Sr. Jiménez fue debidamente emplazado y el 25 de abril de 1995 contestó la demanda en representación suya y de su esposa Janine Cintrón de Jesús, mediante la cual negaron ser responsables por los hechos alegados en la demanda.
El 30 de mayo de 1995 la Sa. Carmona comenzó el descubrimiento de prueba notificando a los co-demandados un requerimiento de admisiones, y el 7 de junio de 1995 les notificó un primer pliego de interrogatorios y requerimiento de documentos que no fue contestado por los co-demandados hasta once meses más tarde.
*920 Ocurridos varios incidentes procesales, el 5 de julio de 1996 la Sa. Carmona solicitó permiso para enmendar la demanda al amparo de las Reglas 13.1 y 15.4 de Procedimiento Civil, 32 L.P.R.A., Ap. HI, R.13.1 y 15.4, y así añadir como demandada a la Sa. Zoraida Cuevas (Sa. Cuevas), ya que durante el descubrimiento de prueba advino en conocimiento de que ésta era ex-esposa del co-demandado. El Tribunal de Primera Instancia concedió el permiso y autorizó la expedición del emplazamiento, el cual fue debidamente diligenciado el 21 de agosto de 1996.
Varios días más tarde la Sa. Cuevas presentó una moción en solicitud de desestimación a demanda enmendada al amparo de la Regla 10.2 de Procedimiento Civil, 32 L.P.R.A., Ap. Ill, R.10.2, alegando que la causa de acción estaba prescrita y que se le había emplazado fuera del término de seis meses dispuesto en las Reglas de Procedimiento Civil.
También alegó en un addendum a la moción antes presentada, que en la demanda original no se había especificado su identidad y que nada se había alegado específicamente sobre los co-demandados Sutano de Tal y Mengano de Tal, quienes eran demandados desconocidos, que ahora se pretendían sustituir con el nombre de la Sa. Zoraida Cuevas.
El 9 de enero de 1997 el Tribunal de Primera Instancia declaró sin lugar la moción de desestimación solicitada por la Sa. Cuevas, y es de esta resolución que recurre ante este Tribunal.
II
En su petición la Sa. Cuevas alega que el Tribunal de Primera Instancia erró al concluir que la causa de acción de la demanda no estaba prescrita y que no procedía la desestimación de la demanda presentada contra ella aun cuando el emplazamiento se diligenció pasados seis (6) meses de haberse presentado la demanda original. Entendemos que tales errores no fueron cometidos por el Tribunal de Primera Instancia. Veamos.
Al momento de presentar la demanda, la Sa. Carmona no había identificado el nombre de la esposa del co-demandado, Sr. Jiménez. Este último al contestar la demanda compareció a nombre suyo e incluyó el nombre de su esposa la Sa. Janine Cintrón de Jesús sin hacer referencia alguna a otras personas que él entendía pudieran ser responsables. Es luego, durante el descubrimiento de prueba, que la Sa. Carmona adviene en conocimiento de que la Sa. Cuevas, es ex-esposa del co-demandado y que ésta, a la fecha del incidente, era propietaria de la residencia donde se encontraba el perro.
Por tal motivo la Sa. Carmona solicitó enmendar la demanda en virtud de la Regla 15.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 15.4, que expone: "[cjuando un demandante ignore el verdadero nombre de un demandado, deberá hacer constar este hecho en la demanda, exponiendo la reclamación específica que alega tener contra dicho demandado. En tal caso, el demandante podrá designar a dicho demandado en cualquier alegación o procedimiento con un nombre ficticio y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación o procedimiento."
Debemos recordar que: "[a]l interpretar las Reglas de Procedimiento Civil hay que tener presente como principio rector, que éstas no tienen vida propia, sólo existen para viabilizar la consecución del derecho sustantivo de las partes. Para lograr impartir justicia al resolver los reclamos de las partes, el tribunal debe hacer un balance equitativo entre los intereses en conflicto ejerciendo especial cuidado al interpretar las reglas procesales para que éstas garanticen una solución justa rápida y económica de la controversia." Rivera Santana v. Superior Packaging Inc., 133 D.P.R. _ (1992), 92 J.T.S. 165; Dávila v. Hospital San Miguel, Inc., 117 D.P.R. 807, 816 (1986).
Entendemos que al redactarse la demanda se cumplió con las exigencias de la Regla 15.4 de las de Procedimiento Civil, supra, al hacerse alegación específica sobre la demandada desconocida Fulano de Tal, ya que se le identificó como la esposa del Sr. Jiménez, propietaria de la propiedad y propietaria del perro. También se cumplió con el requisito de hacer la enmienda correspondiente para sustituir el nombre desconocido por el nombre verdadero.
Por otro lado, no podemos decir que los co-demandados Sutano de Tal y Mengano de Tal, quienes se denominaron como personas naturales o jurídicas cuyos nombres eran desconocidos y que podrían *921 serles responsables a los demandantes, sean demandados de nombre desconocido que fueron específicamente identificados en la demanda.
Es importante distinguir el demandado de nombre desconocido y el demandado desconocido, ya que la Regla 15.4, supra, es de aplicación solamente en caso de demandados de nombre desconocido. Lo último se refiere a un demandado cuya identidad es perfectamente conocida, pero se desconoce su verdadero nombre. Siempre se intentó demandar a la persona que originalmente se incluyó con nombre ficticio; con la demanda enmendada no se incluye un nuevo demandado sino que se sustituye el nombre ficticio por el verdadero nombre. Martínez Díaz v. E.L.A., 133 D.P.R. _ (1992), 92 J.T.S. 170.
Se argumenta que con la demanda enmendada se pretende sustituir a los co-demandados Sutano y Mengano de Tal. Sin embargo, entendemos que en la demanda original cuando se incluyó como co-demandada a Fulana de Tal, esposa del Sr. Jiménez, propietaria de la propiedad y del perro, se identificó de manera específica a la Sa. Cuevas, quien al momento del incidente era la referida esposa y propietaria. Es por lo tanto a Fulana de Tal, demandada de nombre desconocido, a quien ahora se le sustituye el nombre por Sa. Cuevas.
En cuanto a la prescripción de la acción el Tribunal Supremo ha dicho que al demandado de nombre desconocido "se le considera como una parte en el pleito desde la interposición de la demanda original, y es esa la fecha a considerar para determinar cualquier planteamiento de prescripción extintiva". También se ha dicho que "la Regla 15.4 tiene el propósito de moderar la brevedad de los términos prescriptivos ante el interés de la parte agraviada de vindicar sus derechos". Martínez v. E.L.A., supra.
En Núñez González v. Jiménez Miranda, 122 D.P.R. 134 (1988), el Tribunal Supremo indicó que la figura de demandado desconocido vino precisamente "a suplir la necesidad de atemperar los efectos de los términos prescriptivos cuando, a pesar de la diligencia del reclamante y del hecho de que éste conocía la identidad del deudor, no había podido obtener el nombre correcto para entablar en tiempo la demanda en su contra".
Cuando un demandante hace uso de las disposiciones contempladas en la Regla 15.4, supra, interrumpe el término prescriptivo con la interposición de la demanda original y no a partir de la enmienda. Una vez las enmiendas a las alegaciones son permitidas por el tribunal, si éstas surgen "de la conducta, acto, omisión o evento expuesto en la alegación original, se retrotraerán a la fecha de la alegación original." Regla 13.3 de las de Procedimiento Civil, 32 L.P.R.A. R. 13.3. "Por lo tanto, si la demanda original se presentó en tiempo, las enmiendas también estarán en tiempo; no surgirá, pues, problema alguno de prescripción, no importa cuándo se hayan presentado las enmiendas." Ortiz Díaz v. R & R Motors Sales Corp. 132 D.P.R. _ (1992), 92 J.T.S. 140.
Lo antes dicho es diferente a cuando se pretende añadir un nuevo demandante o demandado, ya que en tal situación el momento para determinar el término prescriptivo será aquel cuando se incluya el nuevo demandante o demandado por primera vez en la demanda. No es esta la norma que rige nuestra situación de hechos.
Por todo lo antes expuesto entendemos que la Sa. Cuevas sí fue identificada en la demanda original como la esposa del Sr. Jiménez a pesar de que en el momento de la enmienda ésta fuera su ex-esposa y la Sa. Janine Cintrón la esposa.
Por los fundamentos antes expuestos se expide el auto de certiorari solicitado y se confirma la resolución recurrida.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General