# 99 DTA 179

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VII DE CAROLINA Y FAJARDO**
**PANEL I**

ELI EREV Y AMAPOLA INN & TAVERN, INC.
Demandantes-Recurridos

v.

PAULA LESHAW
Demandada-Peticionaria

ELI EREV
Demandante-Recurrido

v.

PAULA LESHAW
Demandada-Peticionaria

Núm. KLCE-99-00372

San Juan, Puerto Rico, a 11 de mayo de 1999

Panel integrado por su Presidente, Juez señor Miranda de Hostos
y los Jueces señor Rivera Pérez y señor Rodríguez García

Rivera Pérez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

La controversia ante esta Curia se circunscribe a determinar, dentro de las circunstancias del presente caso, si es necesario un acuerdo por escrito entre las partes para que un demandante solicite el desistimiento voluntario de su causa de acción, cuando el caso de autos ya estaba señalado para juicio, y si el Tribunal de Primera Instancia puede diferir la determinación de si concede a la parte demandada una suma en concepto de gastos y honorarios de abogado hasta que se adjudique en forma definitiva la reconvención presentada por dicha parte. Se deniega la expedición del auto solicitado.

### I

El señor Eli Erev presentó dos demandas en el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Vieques, en contra de la señora Paula Leshaw, el 22 de agosto de 1997 ■ y el 26 de agosto de 1997, ■ respectivamente. La señora Paula Leshaw presentó el 29 de septiembre de 1997 su alegación responsiva a las dos (2) demandas y reconvención en ambos procedimientos. ■ Posteriormente, el 10 de octubre de 1997, el Tribunal de Primera Instancia ordenó la consolidación de esos casos. ■

Así las cosas, el 16 de febrero de 1999, el señor Eli Erev solicitó el desistimiento voluntario de su causa de acción, a tenor con la Regla 39.1 (b) de las Reglas de Procedimiento Civil. ■ El 1 de marzo de 1999, la señora Paula Leshaw presentó una *"Moción en Oposición a Solicitud de Desistimiento y en Cumplimiento de Orden".* ■ En su escrito, la señora Leshaw señaló que en el presente caso el desistimiento de la causa de acción contenida en la demanda procedía al amparo de la Regla 39.1 (a) (2) de Procedimiento Civil ■ y no por la Regla 39.1 (b) de Procedimiento Civil, *supra*, como solicitó el señor Eli Erev. La señora Leshaw aduce que para solicitar el desistimiento era necesario una estipulación firmada por todas las partes, como establece la Regla 39 (a) (2) de Procedimiento Civil, debido a que en el presente caso ya se había realizado el descubrimiento de prueba, se había celebrado la conferencia con antelación al juicio y se habían notificado los informes de los peritos. Sin embargo, la señora Leshaw aclara que no tiene objeción al desistimiento de las demandas presentadas en su contra por el señor Erev si el mismo es con perjuicio, conforme a lo dispuesto en la Regla 39.1 (a) (2) de Procedimiento Civil. Solicitó, además, una suma razonable en concepto de honorarios de abogado y gastos incurridos en el caso desde el momento en que se presentaron las demandas hasta la solicitud de desistimiento voluntario. El 3 de marzo de 1999, el señor Eli Erev presentó una *"Réplica a Escritos de la Reconveniente".* ■

El Tribunal de Primera Instancia emitió una orden el 11 de marzo de 1999, notificada a las partes el 18 de marzo de 1999, [9] permitiendo el desistimiento voluntario de la demanda instada por el señor Erev, reservándose hasta el final del pleito su determinación sobre la imposición del pago de gastos y honorarios de abogado y si el desistimiento sería con perjuicio. Inconforme con dicha determinación, la peticionaria, señora Paula Leshaw, recurre ante nos señalando la comisión por el Tribunal de Primera Instancia del siguiente error de derecho:

*"Erró el Tribunal de Instancia, como cuestán [sic] de ley, al declarar con lugar una solicitud de desistimiento en casos señalados para juicio, con la mera solicitud de una parte, sin estipulación con la parte adversa, en violación de lo dispuesto en la Regla 39.1(a)(2) de las de Procedimiento Civil, vigentes."*

## II

Un demandante puede desistir de su causa de acción sin una orden del Tribunal de Primera Instancia si presenta un aviso de desistimiento en cualquier momento antes de una notificación de la parte adversa de la presentación de una alegación responsiva o de una moción solicitando sentencia sumaria. ▉ En esta situación, el demandante tiene un derecho absoluto a desistir de su causa de acción, en cualquier momento, unilateralmente y sin perjuicio. ▉ Tampoco es necesaria una orden del tribunal si todas las partes concurren en un escrito solicitando el desistimiento. ▉ En este caso, el desistimiento será sin perjuicio, a menos que la estipulación acordada por todas las partes disponga lo contrario. ▉

Excepto en las situaciones explicadas anteriormente, el demandante no puede desistir de su causa de acción, a menos que el Tribunal de Primera Instancia emita una orden de desistimiento, disponiendo los términos y condiciones que estime conveniente para el mismo. El desistimiento será sin perjuicio a menos que dicho tribunal disponga otra cosa. ▉ En este supuesto, el demandante no tiene un derecho absoluto al desistimiento, el caso está sometido a la discreción del tribunal y a las condiciones y términos que éste estime conveniente. ▉ La condición más común es la imposición del pago de costas y honorarios de abogado al demandante, a favor del demandado. ▉

De otra parte, si los procedimientos del caso están en una etapa muy avanzada, es más difícil que el Tribunal de Primera Instancia conceda el desistimiento sin perjuicio y sin condiciones. Existe recelo de conceder el desistimiento en una etapa cercana al día del juicio. ▉

En el presente caso, la parte demandante, aquí recurrida, señor Erev, no podía presentar un aviso unilateral de desistimiento, debido a que la parte demandada, aquí peticionaria, señora Leshaw, había presentado su alegación responsiva. No existe entre las partes una estipulación solicitando el desistimiento de la causa de acción que inició el pleito entre ellas. Por consiguiente, el desistimiento concedido por el Tribunal de Primera Instancia se realizó al amparo de la Regla 39.1 (b) de las Reglas de Procedimiento Civil, *supra*. En su orden, el tribunal *a quo* se reservó, hasta el final del juicio, la decisión de si le impone a la parte demandante el pago de gastos y honorarios de abogado a favor de la parte demandada, y si el desistimiento se concede con o sin perjuicio. La referida regla establece que el Tribunal de Primera Instancia puede conceder el desistimiento bajo los términos y condiciones que estime procedentes. La orden emitida por el tribunal *a quo* no concluyó la causa de acción presentada en la demanda, por cuanto no cumple con los requisitos de la Regla 43.5 de Procedimiento Civil. ▉ Esta regla dispone que un tribunal puede dictar una sentencia parcial final cuando un pleito comprenda más de una reclamación o partes múltiples, siempre y cuando concluya expresamente que *"no existe razón para posponer dictar sentencia sobre tales reclamaciones hasta la resolución total del pleito, y siempre que se ordene expresamente que se registre sentencia"*. En ausencia de esta conclusión y orden expresa, cualquier dictamen emitido por el tribunal, no importa como se denomine, no terminará con el pleito. ▉ En tal caso, el dictamen emitido por el tribunal sería una resolución interlocutoria, mediante la cual se resuelve un incidente o controversia dentro de un proceso judicial. ▉ La orden que emitió el Tribunal de Primera Instancia permitió el desistimiento de la causa de acción presentada en la demanda por el señor Erev. Sin embargo, no finalizó el pleito.

Luego de celebrada la vista en los méritos sobre la reconvención presentada por la parte demandada, aquí peticionaria, el foro de primera instancia podrá determinar al dictar la sentencia final, sobre la procedencia de imponerle al demandante, aquí recurrido, el pago de gastos y honorarios de abogado incurridos por la

demandada, aquí peticionaria, y si el desistimiento será con perjuicio. Dictada la sentencia final, cualquiera de las partes podrá presentar ante el Tribunal de Circuito de Apelaciones un recurso de apelación, de no estar de acuerdo con lo dictaminado por el Tribunal de Primera Instancia. █

## III

Por los fundamentos anteriormente expuestos, se deniega la expedición del auto solicitado.

Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 99 DTA 179

**1.** Apéndice I, pág. 1, de la petición de *certiorari*.

**2.** Apéndice II, pág. 3, *Ibid.*

**3.** Apéndice I y Apéndice II del escrito en oposición a la petición de *certiorari*.

**4.** Apéndice III, pág. 6, petición de *certiorari*.

**5.** 32 L.P.R.A. Ap. III, R. 39.1 (b), Apéndice VI, pág. 8, *Ibid.*

**6.** Apéndice VII, pág. 9, *Ibid.*

**7.** 32 L.P.R.A. Ap. III, R. 39.1 (a)(2).

**8.** Apéndice VIII, pág. 13, *Ibid.*

**9.** Apéndice IX, pág. 17, *Ibid.*

**10.** 32 L.P.R.A. Ap. III, R. 39.1 (a) (1).

**11.** José Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil,* San Juan, Puerto Rico, **Publicaciones J. T.S.,** 1979, Vol. II, pág. 202.

**12.** 32 L.P.R.A. Ap. III, R. 39.1 (a) (2).

**13.** *Ibid.*

**14.** 32 L.P.R.A. Ap. III, R. 39.1 (b).

**15.** Cuevas Segarra, *supra*, pág. 203.

**16.** *Ibid,* pág. 204.

**17.** *Ibid.*

**18.** 32 L.P.R.A. Ap. III, R. 43.5.

**19.** *Figueroa Hernández v. Rosario Cervoni,* ___ D.P.R. ___ (1998), **98 J.T.S. 151**, Opinión del 23 de noviembre de 1998, a la pág. 343; *Núñez González v. Jiménez Miranda,* 122 D.P.R. 134, 138 (1988).

**20.** *Figueroa Hernández v. Rosario Cervoni, supra,* pág. 342.

**21.** Regla 40 (E) y (F) de nuestro Reglamento.