# 2000 DTA 171

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL IV DE AGUADILLA Y MAYAGÜEZ**
**PANEL I**

JOSE ORTIZ AYALA
Apelante

v.

FRANK BATTLE TORRES, SU ESPOSA DOÑA FULANA DE TAL Y LA SOCIEDAD LEGAL DE
GANANCIALES COMPUESTA POR AMBOS; DAMIAN AYALA SANABRIA, SU ESPOSA DOÑA
SUTANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS

ESTADO LIBRE ASOCIADO DE PR; DEPARTAMENTO DE TRANSPORTACION Y OBRAS
PUBLICAS; AUTORIDAD DE CARRETERAS DE PR; MUNICIPIO DE AÑASCO; JOHN DOE Y
RICHARD ROE COMO LAS COMPAÑIAS ASEGURADORAS DE CADA PARTE Y AUN
DESCONOCIDA Y SUTANO COMO DEMANDADO DESCONOCIDO QUE PUDIERA SER
RESPONSABLE DE LA RECLAMACION
Apelados

Núm. KLAN-2000-00397

San Juan, Puerto Rico, a 16 de agosto de 2000

Panel integrado por su Presidenta, la Juez López Vilanova
y los Jueces Córdova Arone y Escribano Medina

Córdova Arone, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El Sr. José Ortiz Ayala (señor Ortiz), solicita la revocación de una sentencia dictada el 16 de noviembre de 1999 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. Mediante ésta, se declaró con lugar una demanda sobre daños y perjuicios incoada por éste en contra del Sr. Frank Battle Torres (señor Battle). Además, se desestimó la demanda en cuanto a los otros demandados, el Sr. Damián Ayala Sanabria (señor Ayala) y la Autoridad de Carreteras (la Autoridad). Se modifica la sentencia apelada, a los fines de determinar que el señor Batlle fue temerario y, así modificada, se confirma. Se devuelve el caso al Tribunal de Primera Instancia para que éste fije la cuantía a imponerse al señor Battle por concepto de honorarios de abogado. Veamos los hechos pertinentes que originaron el recurso de epígrafe.

### I

El 11 de julio de 1993, a las 10:27 de la noche, el señor Ortiz y su esposa, la Sra. Obdulia Pérez Pacheco (señora Pérez), transitaban en su vehículo de motor por la carretera número 2, jurisdicción de Añasco. Los esposos partieron de Mayagüez, en dirección hacia Canóvanas.

Unos pocos metros más adelante, en la misma dirección que el matrimonio, conducía su vehículo el señor Ayala. En dirección contraria, es decir, de Aguadilla a Mayagüez, transitaba el señor Battle. Este conducía a exceso de velocidad, en estado de embriaguez y sin las luces frontales del vehículo encendidas.

A la altura del kilómetro 143.7, el señor Battle perdió el control de su vehículo de motor, invadió el carril contrario e impactó el auto del señor Ayala. Debido a la velocidad a la cual iba el auto del señor Battle, éste continuó su marcha e invadió el carril por el cual transitaban el señor Ortiz y su esposa.

El señor Battle impactó el auto conducido por la señora Pérez de frente, por el lado de la conductora. Lo arrastró hasta que lo arrinconó contra la barrera de la carretera. Los vehículos pararon a una distancia de siete (7) pies uno del otro. El auto del señor Battle rotó totalmente y quedó mirando hacia Añasco, en la misma dirección que el auto del señor Ortiz.

El choque fue de tal magnitud que la señora Pérez falleció debido a las lesiones que sufrió. El señor Ortiz también resultó con traumas y fracturas. En cuanto a las pérdidas materiales, la parte frontal de los vehículos accidentados quedó destrozada.

El 11 de julio de 1994, el señor Ortiz presentó una demanda sobre daños y perjuicios en contra de los señores Battle y Ayala, el Estado Libre Asociado (ELA) y la Autoridad. Incluyó a la firma encargada de la reparación de la carretera en la cual ocurrió el accidente como demandada de nombre desconocido.

Así las cosas, el 23 de octubre de 1995, el señor Ortiz presentó una moción en la cual solicitó que *"... se diera por enmendado el nombre de John Doe y se incluya a la Constructora Santiago en sustitución del mismo"*. Además, que se expidiera un emplazamiento para Constructora Santiago (Constructora). El 20 de noviembre de 1995, el Tribunal de Primera Instancia declaró con lugar la moción presentada por el señor Ortiz. No obstante, de un examen de los autos originales del recurso de epígrafe, se desprende que el señor Ortiz nunca enmendó la demanda para incluir el nombre correcto de la firma encargada de las reparaciones, así como tampoco le notificó a ésta la demanda.

Luego de otros incidentes procesales, los cuales es innecesario señalar, el 16 de noviembre de 1999, el Tribunal de Primera Instancia dictó sentencia mediante la cual declaró con lugar la demanda. Condenó al señor Battle a pagarle al señor Ortiz diez mil dólares ($10,000.00), como compensación por los daños y perjuicios que sufrió y ochenta y cinco mil dólares ($85,000.00), por concepto de los daños padecidos por éste como consecuencia de la muerte de su esposa. Además, se le impuso el pago de cuatro mil dólares ($4,000.00), por la pérdida de su vehículo de motor y catorce mil cuatrocientos setenta y dos dólares ($14,472.00), por pérdida de ingresos.

El Tribunal de Primera Instancia desestimó la demanda en cuanto al señor Ayala y la Autoridad, ya que estas partes no incurrieron en acto negligente alguno.

Insatisfecho, el señor Ortiz apeló ante este Foro. Le imputa al Tribunal de Primera Instancia haber incidido al:

*"(1) liberar de responsabilidad al señor Ayala y a la Autoridad; (2) no decretar el pago de honorarios de abogado; y (3) no imponerle responsabilidad a Constructora."*

## II

El señor Ortiz, en el primer señalamiento de error contenido en su escrito de apelación, cuestiona las determinaciones de hechos del Tribunal de Primera Instancia que exoneran de responsabilidad a la Autoridad. ■ Inexplicablemente, a pesar de la naturaleza de este señalamiento de error, el señor Ortiz no nos sometió un proyecto de exposición narrativa de la prueba, según requerido por la Regla 19 de las del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, R. 19.

Sobre este particular, es norma jurisprudencial reiteradamente establecida aquélla que postula que a nivel apelativo no se intervendrá con las determinaciones de hechos y la adjudicación de credibilidad efectuada por el juzgador de los hechos, en ausencia de error manifiesto, pasión, prejuicio o parcialidad. *Blás v. Hosp. Guadalupe*, 146 D.P.R. ___ (1998), **98 J.T.S. 101**, a la pág. 1427.

El Tribunal de Primera Instancia es el que tiene la oportunidad de oír y ver declarar a los testigos y apreciar su comportamiento (demeanor), por lo que está en mejor posición de aquilatar la prueba testifical presentada. Cuando existe conflicto de prueba, le corresponde al juzgador de los hechos dirimirlo. *Flores v. Soc. de Gananciales*, 146 D.P.R. ___ (1998), a la pág. 1354.

En *Rolón v. Charlie Car Rental, Inc.,* 148 D.P.R. ___ (1999), **99 J.T.S. 89,** a la pág. 1099, el Tribunal Supremo fue enfático al señalar que este Foro no puede *"...descartar y sustituir por sus propias apreciaciones, basadas en un examen del expediente del caso, las determinaciones tajantes y ponderadas del foro de instancia".*

Esta es precisamente la situación en el caso de autos. El Tribunal de Primera Instancia formuló las siguientes determinaciones de hechos relativas a la imputación de negligencia de la Autoridad:

*"Para el 11 de julio de 1993, el tramo de la Carretera Número PR2 dentro del cual se encuentra el kilómetro 143.7, del término municipal de Añasco, estaba siendo objeto de reconstrucción por parte de la [Autoridad] y su contratista general, Constructora Santiago, Inc.*

*El trabajo comprendía la construcción de una carretera paralela de dos carriles en el lado este de la carretera existente. '... Al momento de ocurrir el accidente, sólo se utilizaba para el tránsito en ambas direcciones los dos carriles originales...'".*

*"La carretera entonces existente y su pavimento se encontraban en buenas condiciones y las líneas divisorias de carriles estaban debidamente pintadas sobre la superficie.*

*La zona estaba rotulada y el área de los carriles en construcción estaba separada de los carriles en uso*

*mediante barreras construidas en hormigón, fuera del carril derecho. Los conductores que conducían de Mayagüez a Aguadilla (Sur a Norte) tenían a su derecha un espacio de paseo de cinco (5) pies de ancho y luego la barrera de hormigón. Los conductores que transitaban de Aguadilla a Mayagüez (Norte a Sur) tenían a su derecha un paseo de nueve (9) pies de ancho y luego el área verde de las fincas agrícolas colindantes. En todo ese tramo de la construcción no había ningún tipo de iluminación pública de postes u otro tipo, ya permanente o temporero...".*

*"...observamos la existencia de la barrera y de los reflectores colocados sobre la misma para advertir y guiar a los conductores."*

*La prueba estableció, sin dudas, que era evidente para cualquier conductor, que se trataba de un sector de carretera en construcción. Había rótulos a cada entrada del proyecto fijando la velocidad máxima permitida en 35 millas por hora, y el contratista general había instalado rotulación al Norte del proyecto... a unos 800 metros antes del inicio de la obra ... También al Sur del proyecto ... a unos 450 metros del inicio del proyecto por ese lado. Además había rotulación que también indicaba que había "Carretera en Construcción" en las intersecciones de la carretera PR 2 y las carreteras PR 1115 ... la PR 109 ... y PR 402".* ■

A base de estas determinaciones de hechos, el foro apelado concluyó, como cuestión de derecho, que:

*"Respecto a [la Autoridad], la prueba estableció que la vía pública en la cual ocurrió el accidente se encontraba en buen estado. La velocidad estaba reducida y rotulada para 35 millas por hora, por tratarse de una carretera que estaba siendo objeto de reconstrucción, y tenía barreras de seguridad, reflectores, líneas divisorias y rotulación clara y visible ... Era evidente para cualquier conductor prudente y razonable, que en el sector está trabajando [sic] maquinaria y equipo pesado y los conductores debieron estar particularmente pendientes de las obvias condiciones de la carretera. Nada tuvo que ver en la ocurrencia de este accidente las condiciones de la carretera. La causa próxima y única para la ocurrencia de tan desgraciado accidente lo fue el exceso de velocidad, la embriaguez y la temeridad con la que conducía [el señor Battle]."* ■

Estas detalladas, ponderadas y tajantes determinaciones de hechos, el señor Ortiz las cuestiona con la mera alegación de que son contrarias a la prueba desfilada, ya que la carretera no contaba con medidas de precaución suficientes para sus transeúntes.

En nuestra labor de hacer justicia, no podemos ampararnos en meras alegaciones para derrotar la apreciación de la prueba efectuada por el Tribunal de Primera Instancia. Sin la exposición narrativa de la prueba, no estamos en condiciones de evaluarla. Sabido es, que es doctrina firmemente establecida que los tribunales apelativos no podemos fallar a base de los *"...hechos que nos presentan las partes en sus alegatos, sino que tenemos que atenernos a las conclusiones de hechos del tribunal de instancia y a la transcripción de la evidencia".* E.L.A. v. *Mercado Carrasquillo,* 104 D.P.R. 784, 789 (1976).

En ausencia de error manifiesto, pasión, prejuicio o parcialidad, no intervendremos con la apreciación de la prueba realizada por el foro apelado. *Blás v. Hosp. Guadalupe, supra.* El error señalado por el señor Ortiz no fue cometido.

## III
En su segundo señalamiento de error, el señor Ortiz cuestiona el que el tribunal apelado no le haya impuesto al señor Battle el pago de honorarios de abogado. Al considerar dicho señalamiento de error, tenemos en cuenta que la determinación sobre si una parte ha procedido con temeridad, descansa en la sana discreción del tribunal sentenciador. *Fernández v. San Juan Cement Co. Inc.,* 118 D.P.R. 713, 717 (1987). Por consiguiente, la misma no será variada en apelación, a menos que se demuestre que el Tribunal de Primera Instancia ha abusado de su discreción. *Feliciano Polanco v. Feliciano González,* **99 J.T.S. 23,** 147 D.P.R. ___ (1999).

Sobre el tema que nos concierne, la Regla 44.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 44.1,

establece que cuando una parte ha procedido con temeridad, el tribunal deberá imponerle en su sentencia el pago de una suma por concepto de honorarios de abogado.

El concepto *"temeridad"* no está expresamente definido por dicha Regla, pero ha sido ampliamente definido por la jurisprudencia. En términos generales, se considera temeraria toda aquella conducta que haga necesario un pleito que se pudo evitar, que lo prolongue innecesariamente o requiera a la otra parte efectuar gestiones innecesarias. *Blás v. Hosp. Guadalupe, supra,* a la pág. 1437.

El.propósito de la imposición de honorarios de abogado en casos de temeridad es:

*"establecer una penalidad a un litigante perdidoso que por su terquedad, obstinación, contumacia e. insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito."* Fernández v. San Juan Cement Co., Inc., supra, a la pág. 718.

Además, la imposición de honorarios de abogado tiene como propósito disuadir la litigación innecesaria y alentar las transacciones mediante la imposición de sanciones a la parte temeraria para compensar los perjuicios económicos y las molestias sufridas por la otra parte. *Blás v. Hosp. Guadalupe, supra,* a la pág. 1437.

Jurisprudencialmente, se han resumido las instancias al amparo de las cuales existe temeridad, a saber: 1) contestar una demanda y negar responsabilidad total, aunque se acepte posteriormente; 2) defenderse injustificadamente de la acción; 3) creer que la cantidad reclamada es exagerada y que sea esa la única razón que se tiene para oponerse a las peticiones del demandante sin admitir francamente su responsabilidad, pudiendo limitar la controversia a la fijación de la cuantía a ser concedida; 4) arriesgarse a litigar un caso del que se desprendía *prima facie* su responsabilidad; y 5) negar un hecho que le conste es cierto a quien hace la alegación. *Blás v. Hosp. Guadalupe, supra,* a la pág. 1437.

Al aplicar los preceptos enunciados a los hechos particulares del recurso de epígrafe, resulta necesario concluir que erró el Tribunal de Primera Instancia al no imponerle al señor Battle el pago de honorarios de abogado. Veamos.

Al momento de contestar la demanda, había transcurrido un año y seis meses de la ocurrencia del accidente automovilístico. En esa etapa procesal, el señor Battle negó que invadió el carril por el cual transitaban el señor Ortiz y su esposa y que impactó el vehículo de éstos. Además, el señor Battle negó que conducía negligentemente. Es más, el señor Battle tuvo la osadía de alegar que el señor Ayala fue el único responsable de la ocurrencia del accidente. ■

Dos años y cuatro meses después de la fecha del accidente, el señor Battle insistió en que el señor Ayala ocasionó el accidente al invadirle su carril e impactarle su vehículo. El señor Battle alegó que quedó inconsciente, por lo que perdió el control de su auto e impactó el que a su vez era conducido por la señora Pérez. ■

Resulta evidente que la conducta desplegada por el señor Battle a lo largo del trámite procesal del caso que nos ocupa, es una definitivamente temeraria. El señor Battle hizo necesario un pleito que se pudo evitar, lo prolongó innecesariamente y requirió al señor Ortiz efectuar gestiones innecesarias. *Blás v. Hosp. Guadalupe, supra,*

En atención a lo expresado, se cometió el segundo señalamiento de error planteado por el señor Ortiz en su recurso.

## IV

Finalmente, el señor Ortiz, en su tercer y último señalamiento de error, sostiene que el foro apelado incidió al no determinar la negligencia de Constructora. No tiene razón.

La Regla 15.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 15.4, dispone lo siguiente:

*"Cuando un demandante ignore el verdadero nombre de un demandado, deberá hacer constar este hecho en la demanda, exponiendo la reclamación específica que alega tener contra dicho demandado. En tal caso, el demandante podrá designar a dicho demandado en cualquier alegación o procedimiento con un nombre ficticio y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación o procedimiento."*

Sabido es que esta disposición reglamentaria es aplicable cuando un demandante conoce la identidad, mas no el verdadero nombre de un demandado. *José Moa v. E.L.A.*, 100 D.P.R. 573 (1972). Para que se pueda responsabilizar a un demandado de nombre desconocido, es menester que la parte demandante enmiende la demanda para incluirlo con su nombre verdadero. *Núñez González v. Jiménez Miranda*, 122 D.P.R. 134, 143 (1988). Además, se requiere que se le notifique la demanda enmendada a la parte demandada con tiempo suficiente para que pueda comparecer y defenderse. *Padín v. Cía. Fom. Ind.*, **2000 J.T.S. 44**, 150 D.P.R. ___ (2000); *Núñez González v. Jiménez Miranda, supra,* a la pág. 142.

Como vimos con anterioridad, las alegaciones de la demanda original revelan la intención de incluir como parte demandada a la entidad encargada de efectuar las reparaciones en la carretera donde ocurrió el accidente. En la demanda original se hizo constar que se conocía que ésta existía, pero en esos momentos se desconocía su nombre.

La demanda original se presentó el 11 de julio de 1994. El 23 de octubre de 1995, el señor Ortiz, una vez conoció el verdadero nombre del demandado designado con nombre ficticio, solicitó al Tribunal de Primera Instancia permiso para enmendar la demanda. El 20 de noviembre de 1995, el foro apelado autorizó la enmienda.

Sin embargo, de los autos originales surge que el señor Ortiz no enmendó la demanda para incluir al demandado de nombre desconocido con su nombre verdadero: Constructora. Igualmente, no consta que a Constructora se le haya notificado la demanda enmendada con suficiente tiempo para que pudiera comparecer y defenderse. *Padín v. Cía. Fom. Ind.*, **2000 J.T.S. 44**, 150 D.P.R. ___ (2000); *Nuñez González v. Jiménez Miranda, supra,* a la pág. 142. Por lo tanto, actuó acertadamente el Tribunal de Primera Instancia al no responsabilizar a Constructora.

## V

Por los fundamentos expuestos, se modifica la sentencia apelada, a los fines de determinar que el señor Battle fue temerario y, así modificada, se confirma. Se devuelve el caso al Tribunal de Primera Instancia para que éste fije la cuantía a imponerse al señor Battle por concepto de honorarios de abogado.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General