Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| María A. Fargas De Jesús<br><br>Apelante<br><br>vs.<br><br>Kimco Realty Inc. h/n/c Kimco Realty Ranger American PR, Inc. h/n/c Ranger American; Compañía de Seguros X; John Doe; Compañía de Seguros Y<br><br>Apelados | KLAN202400158 | **APELACIÓN**<br>procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm.: CA2022CV03367<br><br>Sobre:<br><br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de marzo de 2024.

Comparece ante nos, la señora María A. Fargas De Jesús (Sra. Fargas De Jesús o apelante), quien presenta recurso de apelación en el que solicita la revocación de la "Sentencia Parcial" emitida el 20 de diciembre de 2023,[1] por el Tribunal de Primera Instancia, Sala Superior de Carolina. Mediante dicho dictamen, el foro primario declaró Ha Lugar la "Moción en Solicitud de Desestimación por Prescripción" presentada por Kim Sam PR Retail, LLC (KSPR o apelado).

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, revocamos el dictamen mediante los fundamentos que expondremos a continuación.

---

[1] Notificada el 21 de diciembre de 2023.

Número Identificador

SEN2024 _____

**I.**

El 18 de octubre de 2022, la Sra. Fargas De Jesús presentó una "Demanda" por daños y perjuicios contra, entre otros codemandados, Kimco Realty, Inc. (Kimco Realty). En esencia, alegó haberse caído en el estacionamiento de Los Colobos Shopping Center y que, como consecuencia dicha caída, sufre dolores por los cuales continúa en tratamiento médico. Por estos hechos, reclamó $50,000.00 por daños físicos, $10,000.00 por daños morales, y $1,000.00 en gastos médicos.

Tras varios trámites procesales, el 15 de marzo de 2023, KSPR presentó una "Moción en Solicitud de Desestimación por Prescripción". Fundamentó su petición en que, el 27 de enero de 2021, la apelante presentó, por primera ocasión, una reclamación por estos mismos hechos.[2] Estribó que, aunque dicho reclamo fue desistido,[3] nunca se emplazó al apelado, y tampoco se enmendó la reclamación para incluirlo.

En respuesta, el 17 de mayo de 2023, la Sra. Fargas De Jesús presentó su "Oposición a Moción de Desestimación", y negó que la reclamación estuviese prescrita. En síntesis, esbozó que, con el propósito de esconder la verdadera identidad del propietario de Los Colobos Shopping Center, los demandados informaron a la apelante que el propietario del centro comercial era Kimco Realty, cuando en realidad el verdadero propietario era KSPR. Sostuvo que, confiando en la información provista, procedió a demandar a Kimco Realty. Por entender que se le indujo a error, indicó que los demandados actuaron en contra de sus propios actos. A su vez, señaló que, tanto en la primera reclamación,[4] así como en la presente "Demanda", se introdujo el nombre ficticio de "John Doe" para incluir a "cualquier persona natural o jurídica responsable en

---

[2] Véase, "Demanda" presentada el 27 de enero de 2021; apéndice pág. 13.
[3] Véase, "Sentencia" emitida el 30 de marzo de 2022; apéndice pág. 22.
[4] Refiriéndose a la primera reclamación que presentó por estos mismos hechos y de la cual desistió el 28 de marzo de 2022. Véase, apéndice pág. 13.

parte o en su totalidad por el accidente que ocurrió en el presente caso".

Ese mismo día, entiéndase, el 17 de mayo de 2023, la apelante solicitó enmendar su "Demanda" con el propósito de incluir a KSPR como parte codemandada.

El día siguiente, o sea, el 18 de mayo de 2023, KSPR presentó "Réplica a Oposición a Moción de Desestimación", y reiteró sus argumentos en cuanto a la procedencia de la desestimación solicitada. Asimismo, negó la aplicación de la doctrina de estoppel al presente caso.

Evaluados los escritos sometidos por ambas partes, el 20 de diciembre de 2023,[5] el Tribunal de Primera Instancia emitió "Sentencia Parcial", y declaró Ha Lugar la "Moción en Solicitud de Desestimación por Prescripción" presentada por KSPR. Razonó que, como no se incluyó al apelado en la primera reclamación ni en la "Demanda" de autos, nunca se interrumpió término prescriptivo aplicable en su contra. Por haber transcurrido más de 1 año desde que ocurrió el incidente, y por entender que la apelante se cruzó de brazos para demandar y/o incluir a la entidad correcta, concluyó que la que la "Demanda" está prescrita.

Inconforme, el 5 de enero de 2024, la Sra. Fargas De Jesús presentó "Moción de Reconsideración" y esgrimió que: (1) la moción de desestimación debió acogerse como una solicitud de sentencia sumaria, debido a que se incluyeron materias no contenidas en las alegaciones; (2) existen controversias sobre hechos materiales que impiden la resolución sumaria del pleito; (3) el tribunal determinó como hecho probado que KSPR es dueño de Los Colobos Shopping Center, aun cuando la escritura anejada no está certificada o inscrita en algún registro público; (4) el apelado no presentó declaración jurada alguna que contradijera lo expresado por la Sra.

---

[5] Notificada el 21 de diciembre de 2023.

Fargas De Jesús; y (5) el periodo prescriptivo contra KSPR quedó interrumpido, toda vez que se le incluyó mediante nombre ficticio, y las dos reclamaciones fueron presentadas dentro del año que establece la ley.

El 16 de enero de 2024, KSPR presentó "Oposición a Moción Solicitando Reconsideración", y reiteró la falta de diligencia por parte de la apelante para conocer el nombre de la entidad correcta. Adicionalmente, expresó que la escritura es válida y constituye la mejor evidencia. Por ende, insistió en que la solicitud de reconsideración es improcedente en estricto derecho.

Mediante "Orden" emitida el 17 de enero de 2024,[6] el foro *a quo* declaró No Ha Lugar la "Moción de Reconsideración" presentada por la apelante.

Aún insatisfecha, la Sra. Fargas De Jesús recurre ante este foro apelativo intermedio, y señala la comisión de los siguientes errores, a saber:

A) *Erró el Honorable Tribunal de Primera Instancia al dictar una Sentencia Parcial que no cumple con las disposiciones de la Regla 10.3 de Procedimiento ni con la jurisprudencia de nuestro Honorable Tribunal Supremo sobre la Materia.*

B) *Erró el Honorable Tribunal de Primera Instancia al no aplicar la doctrina de que ninguna persona puede ir en contra de sus propios actos (conocida en el derecho anglosajón como estoppel)*

C) *Erró el Honorable Tribunal de Primera Instancia al determinar que el presente caso estaba prescrito.*

D) *Erró el Honorable Tribunal de Primera Instancia al determinar en su Sentencia Parcial que Kim Sam era el nuevo propietario de los Colobos Shopping Center.*

**II.**

**-A-**

La prescripción extintiva es una figura de derecho sustantivo que exige ejercer una causa de acción en determinado tiempo. *Acevedo Arocho v. Dpto. Hacienda*, 2023 TSPR 80. Ello responde a

_____

[6] Notificada el 18 de enero de 2024.

la firme política que persigue que las reclamaciones se solucionen de forma expedita, evitando así que una persona quede sujeta a la contingencia de una reclamación de manera indefinida. *Íd.* A su vez, promueve la estabilidad y certeza en el tráfico jurídico. *Íd.*

A tales efectos, este precepto jurídico castiga la inercia y estimula el ejercicio diligente y oportuno de las reclamaciones. *Birriel Colón v. Sup. Los Colobos*, 2023 TSPR 120. En atención a lo cual, la parte que interesa ejercer una causa de acción válida deberá instar su reclamo dentro del término prescriptivo que dispone la ley.

En el contexto de las reclamaciones por daños y perjuicios, el término prescriptivo aplicable se rige por los postulados del Código Civil. Específicamente, el Art. 1868 del Código Civil, 31 LPRA sec. 5298,[7] provee que, la acción para exigir responsabilidad civil por daños extracontractuales prescribe por el transcurso de un (1) año, a contarse desde que la persona agraviada conoce la existencia del daño y quien lo causó. De modo que, si el titular de la causa de acción no solicita indemnización dentro del término antes mencionado, perderá su derecho a instar su reclamación, y ésta será desestimada por tardía. *Maldonado Rivera v. Suárez y otros*, 195 DPR 182, 194 (2016).

Esto es así, pues, según preceptúa el Art. 1861 del Código Civil de 1930, 31 LPRA sec. 5291,[8] "[l]as acciones prescriben por el mero lapso del tiempo fijado por la ley". Ahora bien, el término prescriptivo puede interrumpirse. A tales efectos, el Art. 1873 del Código Civil de 1930, 31 LPRA sec. 5303,[9] dispone tres (3) maneras distintas para interrumpir el término prescriptivo: (1) mediante reclamación judicial, administrativa o arbitral; (2) mediante reclamación extrajudicial por parte del acreedor; y (3) por

---

[7] Equivalente al Art. 1204 del Código Civil de 2020, 31 LPRA sec. 9496.
[8] Equivalente al Art. 1189 del Código Civil de 2020, 31 LPRA sec. 9481.
[9] Equivalente al Art. 1197 del Código Civil de 2020, 31 LPRA sec. 9489.

el reconocimiento de la obligación por parte del deudor. Si el término prescriptivo es interrumpido oportunamente, comenzará a transcurrir nuevamente. *Nevárez Agosto v. United Surety et al.*, 209 DPR 346, 357 (2022).

En resumen, la acción para exigir compensación por daños extracontractuales prescribe transcurrido un (1) año desde que el perjudicado conoce la existencia del daño y quien lo causó. Expirado este término sin que se efectúe un reclamo, de ordinario, la acción estará prescrita. Sin embargo, la oportuna presentación de una reclamación judicial "tiene el resultado de interrumpir y congelar el término prescriptivo si la acción se presentó oportuna y eficazmente, de manera que el nuevo término iniciará cuando culmine efectivamente el proceso judicial". *Díaz Santiago v. International Textiles*, 195 DPR 862, 869 (2016).

Debemos enfatizar que, respecto a la prescripción extintiva en acciones por daños y perjuicios, en nuestro ordenamiento jurídico se adoptó la teoría cognoscitiva del daño. *COSSEC et al. v. González López et al.*, 179 DPR 793, 806 (2010). Esta teoría postula que, un "término [prescriptivo] comienza a transcurrir una vez el perjudicado conoció —o debió conocer— que sufrió un daño, quién se lo causó, así como los elementos necesarios para ejercitar efectivamente su causa de acción". *Maldonado Rivera v. Suárez y otros*, *supra*, a la pág. 194.

**-B-**

En nuestro ordenamiento, las alegaciones permitidas son las siguientes: (1) la demanda y contestación a la demanda; (2) la reconvención y réplica a la reconvención; (3) la demanda contra coparte y contestación a demanda contra coparte; y (4) demanda contra tercero y contestación a demanda contra tercero. Véase, Regla 5.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 5.1. El propósito de las alegaciones es informar, a grandes rasgos, la

reclamación interpuesta. A esos efectos, la parte reclamante deberá consignar una relación sucinta y sencilla de los hechos que dan lugar a su reclamo, y el remedio que solicita. Véase, Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1.

En su contestación, la parte contra quien se presentó la alegación deberá admitir o negar las aseveraciones que hace la parte contraria y, a su vez, expondrá aquellas defensas que le asistan contra la reclamación interpuesta. Véase, Regla 6.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.2.

Por otro lado, la Regla 13.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 13.1, permite enmendar las alegaciones. Para ello, propone la citada regla que:

> *Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva. Si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; el permiso se concederá liberalmente cuando la justicia así lo requiera. La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le reste para contestar la alegación original o dentro de veinte (20) días de haberle sido notificada la alegación enmendada, cualquiera de estos plazos que sea más largo, a menos que el tribunal lo ordene de otro modo.*

Es posible enmendar una alegación para sustituir la parte contra la cual se reclama. Sobre este particular, la Regla 13.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 13.3, expone la normativa aplicable:

> *Siempre que la reclamación o defensa expuesta en la alegación enmendada surja de la conducta, del acto, de la omisión o del evento expuesto en la alegación original, las enmiendas se retrotraerán a la fecha de la alegación original.*
>
> *Una enmienda para sustituir la parte contra la cual se reclama se retrotraerá a la fecha de la alegación*

*original si además de cumplirse con el requisito anterior y dentro del término prescriptivo, la parte que se trae mediante enmienda:*

*(1) tuvo conocimiento de la causa de acción pendiente, de tal suerte que no resulte impedida de defenderse en los méritos, y*

*(2) de no haber sido por un error en cuanto a la identidad del (de la) verdadero(a) responsable, la acción se hubiera instituido originalmente en su contra.*

*Una enmienda para incluir a una parte demandante se retrotraerá a la fecha de la alegación original si ésta contiene una reclamación que surja de la misma conducta, acto, omisión, o evento que la acción original y que la parte demandada haya tenido conocimiento, dentro del término prescriptivo, de la existencia de la causa de acción de los reclamantes que se quieren acumular como demandantes y de su participación en la acción original.*

Interpretando el texto de esta regla, nuestra Alta Curia ha dictaminado que, "si con la enmienda se intenta añadir un nuevo demandante o demandado, el momento que determina el término prescriptivo es cuándo se incluye el nuevo demandante o demandado por primera vez en la demanda". *Ortiz Díaz v. R.&R. Motors Sales Corp.*, 131 DPR 829, 837–838 (1992).

Finalmente, la Regla 15.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 15.4, viabiliza la inclusión en el pleito de aquella parte demandada cuyo nombre se desconoce. En términos literales, la precitada regla lee como sigue:

*Cuando una parte demandante ignore el verdadero nombre de una parte demandada, deberá hacer constar este hecho en la demanda exponiendo la reclamación específica que alega tener contra dicha parte demandada. En tal caso, la parte demandante podrá designar con un nombre ficticio a dicha parte demandada en cualquier alegación o procedimiento, y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación procedimiento.*

Esta norma constituye una excepción, ya que, como regla general, debe designarse al demandado por su nombre correcto, con el fin de que se le notifique adecuadamente y se garantice su derecho a un debido proceso de ley. *Núñez González v. Jiménez*

*Miranda*, 122 DPR 134, 139-140 (1988). El propósito de esta excepción es "suplir las deficiencias de los términos prescriptivos en los momentos en que, a pesar de la debida diligencia y de conocer la identidad del demandado, se desconoce su nombre correcto". *Íd.* Además, es importante que la "ignorancia del verdadero nombre del demandado debe ser real y legítima, y no falsa o espúrea". *Fuentes v. Tribl. de Distrito*, 73 DPR 959, 986-987 (1952).

**III.**

Como es sabido, las cuestiones relativas a la jurisdicción del tribunal deben resolverse con preferencia a cualesquiera otras. *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022). Por versar el tercer señalamiento de error sobre falta de jurisdicción por prescripción, lo atendemos primeramente.

Según se desprende del trámite procesal discutido, el Tribunal de Primera Instancia declaró Ha Lugar la "Moción en Solicitud de Desestimación por Prescripción" presentada por el apelado. Razonó que nunca se interrumpió el término prescriptivo de un (1) año aplicable contra KSPR, ya que esta última no fue incluida en la primera "Demanda" que fue presentada por estos mismos hechos el 27 de enero de 2021, y tampoco se incluyó en la "Demanda" de autos. Debido a esta omisión, y por entender que la apelante se cruzó de brazos para incluir a la entidad correcta, concluyó que la reclamación estaba prescrita.

En su escrito, la Sra. Fargas De Jesús argumenta que incidió el foro recurrido al desestimar el pleito por tardío. Argumenta que, "las dos demandas… fueron presentadas dentro del año que establece la ley, por lo que, el presente caso no está prescrito".[10] Su contención es que, "en la primera demanda y en la presente demanda… se [incluyó] a 'John Doe' como 'cualquier

---

[10] Véase, recurso pág. 13.

persona natural o jurídica responsable en parte o en su totalidad por el accidente que ocurrió en el presente caso'.[11] Asimismo, "especificó que se estaba reclamando contra Kimko Realty, Inc. h/n/c Los Colobos Shopping Center y Compañía X h/n/c Los Colobos Shopping Center".

Por su parte, KSPR insiste en que la "Demanda" está prescrita, debido a que fue presentada pasado el término prescriptivo de un (1) año. A su entender, la apelante no efectuó las diligencias mínimas para conocer la verdadera identidad del dueño del centro comercial donde ocurrió el accidente. Por ello, sostiene que, como no se le incluyó como parte demandada en la primera reclamación, y tampoco en la segunda, pues nunca se interrumpió el término prescriptivo en su contra.

Según el derecho reseñado en el acápite anterior, en nuestro ordenamiento jurídico las acciones por daños y perjuicios tienen un término prescriptivo de un (1) año. Conforme la doctrina cognoscitiva del daño, **dicho término comienza a transcurrir cuando la parte perjudicada conoció o debió conocer la existencia del daño y quien lo causó**.

Por su parte, la Regla 15.4 de Procedimiento Civil, *supra*, permite que se demande a una persona la cual **se conoce de su existencia**, **pero se desconoce su nombre**. Cuando se demanda con un nombre ficticio, la parte demandante tiene la obligación de enmendar la demanda para incluir el nombre verdadero tan pronto adviene en conocimiento de ello. En estos casos, las alegaciones se retrotraerán al momento de la presentación de la demanda original; no a partir de la enmienda.

En el presente caso, la Sra. Fargas De Jesús presentó "Demanda" por estos mismos hechos el 27 de enero de 2021. En ésta, formuló alegaciones contra el propietario de Los Colobos

---

[11] *Íd.*, pág. 14.

Shopping Center, lugar donde ocurrieron los alegados daños.  En la segunda alegación de su "Demanda", identificó al dueño del mencionado centro comercial como Kimko Realty.[12]  Sin embargo, en la alegación tercera aclaró lo siguiente:

> 3) En la alternativa, el demandado **Compañía X h/n/c Los Colobos Shopping Center** es una corporación autorizada a hacer negocios en el Estado Libre Asociado de Puerto Rico **y es el propietario de Los Colobos Shopping Center**, que es el sitio donde ocurrió el presente accidente.[13]

(Énfasis nuestro).

A su vez, en la alegación número 8 se incluyó como parte demandada a "John Doe", refiriéndose a "**cualquier persona natural o jurídica responsable en parte o en su totalidad por el accidente que ocurrió en el presente caso**".[14]  (Énfasis suplido).

Esta "Demanda" fue enmendada el 16 de septiembre de 2021,[15] y las alegaciones que preceden permanecieron idénticas.  Tal y como señala el apelado, KSPR no fue incluido expresamente como parte demandada en la "Demanda" original ni es su posterior enmienda.

Habiendo desistido sin perjuicio de su reclamación,[16] el 18 de octubre de 2022, la Sra. Fargas De Jesús volvió a presentar, por segunda ocasión, su "Demanda", que es la que está ante nuestra consideración.  En está, volvió a identificar a Kimko Realty como el propietario de Los Colobos Shopping Center.[17] Además, incluyó a "John Doe", tal cual lo hizo en su primera reclamación.[18]  De hecho, durante todo el trámite apelativo, éste ha sido el caso, pues "John Doe" permanece como parte en el pleito.

Iniciado el pleito, no es hasta el 15 de marzo de 2023, que KSPR comparece, y alega ser el dueño del centro comercial

---

[12] Véase, apéndice pág. 13.
[13] *Íd.*
[14] Véase, apéndice pág. 14.
[15] Véase, apéndice pág. 16.
[16] Véase, apéndice págs. 21 y 22.
[17] Véase, apéndice pág. 1.
[18] Véase, apéndice pág. 2.

demandado. Es al recibir esta moción que la apelante adquiere conocimiento de que el apelado es el verdadero propietario de Los Colobos Shopping Center. A raíz de ello, el 17 de mayo de 2023, la Sra. Fargas De Jesús solicitó enmendar su "Demanda" con el propósito de incluir a KSPR como parte codemandada.

Estamos de acuerdo con la parte apelante en que la reclamación en contra de KSPR no está prescrita. Conforme la Regla 15.4 de Procedimiento Civil, *supra*, "**John Doe**" **es un codemandado cuya identidad presuntamente se conoce**, **mas no su nombre correcto**. Por su parte, y de acuerdo con la teoría cognoscitiva del daño, el término prescriptivo de un (1) año para incoar una acción por daños y perjuicios comienza a transcurrir desde que el perjudicado conoce que sufrió un daño, **quién se lo causó**, y los elementos necesarios para ejercitar su causa de acción.

No albergamos duda de que, **la Sra. Fargas De Jesús reclamó contra el dueño del centro comercial** quien, a su entender,[19] era Kimko Realty. A raíz de esto, dirigió inicialmente su causa de acción en daños y perjuicios contra la mencionada entidad. Eventualmente, el 15 de marzo de 2023, KSPR comparece al pleito e informa que es el verdadero dueño de Los Colobos Shopping Center. **Es decir**, **el 15 de marzo de 2023**, **es que la apelante conoce**, **por primera vez**, **sobre la existencia del apelado y**, **después de recibir tal información**, **solicitó diligentemente al Tribunal enmendar la "Demanda" para incluir a KSPR como parte demandada**.

No hay fundamento jurídico alguno para desligar la teoría cognoscitiva del presente caso. Resolver como lo hizo el foro primario sería privarle a la Sra. Fargas De Jesús de exigir el

---

[19] Aduce que presentó la reclamación contra Kimko Realty, debido a que no tan sólo se le apercibió de que éstos eran los dueños del centro comercial, sino que también dicha información surge del internet. Véase, recurso pág. 14; "Oposición a Moción de Desestimación" anejo B.

resarcimiento contra un demandado cuya identidad es perfectamente conocida, aunque su nombre no lo es al momento de interponerse la reclamación.

Aquí, la enmienda a la "Demanda" está dentro del marco permitido por la Regla 15.4 de Procedimiento Civil, *supra.* Resulta evidente y legítima la ignorancia que poseía la Sra. Fargas De Jesús en cuanto a la identidad del propietario de Los Colobos Shopping Center. En la "Demanda" expuso la reclamación específica que tenía en contra de este y, al descubrir su verdadero nombre, solicitó con prontitud la enmienda correspondiente. Por ende, tal y como dispone la Regla 13.3 de Procedimiento Civil, *supra,* la enmienda se retrotraerá a la fecha de la alegación original, la cual se presentó dentro del término prescriptivo de un (1) año. Como el término prescriptivo se interrumpió con la presentación de la "Demanda" original, la reclamación en contra de KSPR no está prescrita.

Dado nuestra determinación no es necesario discutir los demás errores planteados en el recurso.

## IV.

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, revocamos la "Sentencia Parcial" apelada, emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina. Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones