ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| MARILYN SANTIAGO SOTO Y OTROS<br><br>Apelante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Apelados | TA2026AP00164 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: SJ2024CV05655<br><br>Sobre: Acometimiento o Agresión, Caída |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de abril de 2026.

Comparece la parte demandante y apelante, Sra. Marilyn Santiago Soto, en representación de su hijo menor de edad J.G.S. Solicita la revocación de la *Sentencia Final* emitida el 15 de enero de 2026, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). En el aludido dictamen, el TPI desestimó sin perjuicio y en su totalidad la causa de acción incoada en contra de la parte demandada y apelada, el Estado Libre Asociado de Puerto Rico (Estado) y el Departamento de Educación (DEPR).

**I.**

Los hechos pertinentes se iniciaron el 21 de junio de 2024, ocasión en que la señora Santiago Soto, por sí y en representación de J.G.S., quien tiene síndrome de Down, instó una *Demanda* sobre daños y perjuicios en contra del Estado y el DEPR al amparo de la Ley Núm. 57 de 11 de mayo de 2023, *Ley para Prevención del Maltrato, Preservación de la Unidad Familiar y para la Seguridad, Bienestar y Protección de los Menores*, 8 LPRA sec. 1641 *et seq.*[1]

---

[1] Entrada 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) y Apéndice, págs. 1-3.

La reclamación fue objeto de enmienda el 17 de febrero de 2025 con la anuencia del TPI.[2] En lo que atañe,[3] la parte demandante alegó negligencia y maltrato institucional en perjuicio del menor. En particular, reseñó que, el 4 de marzo de 2024, J.G.S., quien estudiaba en la Escuela Rexville Elemental, se puso ansioso mientras estaba en la clase de música y el maestro ordenó a dos estudiantes a aguantarlo. Durante este suceso, el menor sufrió trauma corporal y emocional. Además, el 25 de marzo de 2024, mientras se encontraba en la escuela, J.G.S. cayó de un segundo piso y no recibió asistencia médica. Se imputó al personal del plantel falta de supervisión y la omisión negligente al no seguir el protocolo de llamar a la ambulancia.

Afirmó que, en el plantel escolar, existe una condición peligrosa conocida. Aludió a un área en el segundo nivel, por donde los estudiantes bajan y se agarran de una verja y brincan hacia el piso. Sin embargo, como J.G.S. adolece de juicio social y de las habilidades de otros niños, al imitar la conducta de sus compañeros, cayó al suelo, se golpeó en varias partes del cuerpo y sufrió trauma corporal y emocional. Asimismo, la señora Santiago Soto alegó haber sufrido sus propios daños emocionales al conocer del accidente, sin que nadie tomara acción para proteger a su hijo.

El 25 de octubre de 2024, el Estado presentó una *Moción de Desestimación Parcial*, al palio de la Regla 10.2 (5) de Reglas de Procedimiento Civil, 32 LPRA, Ap. V, en cuanto a la señora Santiago Soto, por ésta no haber cumplido con el requisito de notificación al Secretario de Justicia conforme lo establece la Ley Núm. 104 de 29 de junio de 1955, *Ley de Reclamaciones y Demandas contra el Estado*, 32 LPRA, sec. 3077 *et seq.*[4] Planteó, además, que la *Demanda* dejaba de justificar la concesión de un remedio, pero **nada pronunció acerca de la**

---

[2] Entrada 18 SUMAC y Apéndice págs. 46-49, entrada 19 SUMAC y Apéndice pág. 50.
[3] Véanse, alegaciones 2.2, 2.3, 2.4 Y 2.5 de la *Demanda*, equivalentes a las alegaciones 2.3, 2.4, 2.6, 2.7 y 2.8 de la *Demanda Enmendada*.
[4] Entrada 12 SUMAC y Apéndice págs. 4-17.

**verdadera titularidad de la Escuela Rexville Elemental**. La parte demandante presentó el 27 de noviembre de 2024 la *Oposición a Moción Solicitando Desestimación*.[5] El TPI notificó el 5 de febrero de 2025 una *Resolución Interlocutoria* en la que declaró No Ha Lugar la petición de los demandados.[6]

El dictamen denegatorio fue objeto de revisión judicial por un panel hermano en el caso KLCE202500313. El 30 de abril de 2025, esta curia dictó una *Sentencia* revocatoria y expresó que, debido al incumplimiento de la señora Santiago Soto con el requerimiento de notificación que impone la Ley Núm. 104, *supra*, y en ausencia de justa causa para ello, el TPI estaba obligado a desestimar la causa de acción en contra del Estado y el DEPR por falta de jurisdicción.[7]

Así las cosas, toda vez que la reclamación de J.G.S. continuaba vigente, el Estado y el DEPR presentaron **el 28 de mayo de 2025** *Contestación a Demanda Enmendada* y el TPI se dio por enterado.[8] En lo que compete al caso del título, con relación a la alegación de la reclamación civil 1.3 sobre que el Estado era el dueño de la escuela pública donde estudiaba J.G.S., la parte demandada negó el hecho y aseveró "**afirmativamente que la Escuela Rexville Elemental pertenece a la Autoridad de Edificios Públicos (AEP)**".

Al advenir en conocimiento del dato consignado, el 16 de junio de 2025, la parte demandante interpuso una moción, dirigida a solicitar la autorización del TPI para enmendar por segunda vez la reclamación

---

[5] Entrada 16 SUMAC y Apéndice págs. 18-43.

[6] Entrada 17 SUMAC y Apéndice págs. 44-45. Véanse, además, las entradas 20-22 SUMAC y el Apéndice págs. 51-66; 67-70; 71.

[7] Refiérase a las entradas 26-27 SUMAC y Apéndice págs. 107-118; 125-126. Además, véase, Apéndice págs. 72-92; 93-106; 120-124. La decisión fue recurrida infructuosamente ante el Tribunal Supremo de Puerto Rico. Apéndice págs. 155-185; 189-197; 201-206. El alto foro denegó la expedición del caso CC-2025-0368. Véase, entrada 32 SUMAC, *Mandato* de 11 de diciembre de 2025; Apéndice págs. 186-187; 198-199; 207-210.

[8] Entrada 28 SUMAC y Apéndice págs. 127-140; entrada 29 SUMAC y Apéndice pág. 141.

civil, con el fin de incluir a la AEP como dueña de la Escuela Elemental Rexville.[9]

En respuesta a la petición, el TPI dictó una *Orden* el 11 de junio de 2025, en la que pronunció: "Véase *Sentencia* de 30 de abril de 2025 del Tribunal de Apelaciones. A[ú]n no se ha recibido el mandato. Conforme lo que dispone la [*S*]*entencia* del Tribunal de Apelaciones procede dictar sentencia desestimando una vez se reciba el mandato".[10]

El *Mandato* de este foro intermedio se expidió el 13 de enero de 2026.[11] El día 15 siguiente, la parte demandante incoó nuevamente una moción para presentar la *Segunda Demanda Enmendada* con el propósito de incluir como parte demandada a la AEP.[12] El TPI respondió: "Véase *Sentencia* conforme al mandato emitido el 13 de enero de 2026".[13] Ello así, en referencia al dictamen apelado que nos ocupa,[14] el cual reza como sigue:

*Sentencia Final*

Conforme el mandato emitido el 13 de enero de 2026:

"*Concluimos que debido al incumplimiento de la recurrida con el requerimiento de notificación que le impone la Ley Núm.104, supra, y en ausencia de una justa causa para ello, el [TPI Bayamón] estaba obligado a desestimar la causa de acción [en contra] del ELA y el Departamento por falta de jurisdicción, [al amparo] de la Regla 10.2, supra*".

Se emite *Sentencia* ordenado el cierre y archivo del caso sin perjuicio.

Inconforme con el resultado, la parte demandante acudió en *Apelación* ante este foro intermedio y señaló la comisión del siguiente error:

**Erró el [T]ribunal de [P]rimera [I]nstancia (TPI) al no autorizar la enmienda a la demanda para incluir al demandado correcto, Autoridad de Edificios Públicos, cuya identidad fue escondida por el Apelado-demandado,**

---

[9] Entrada 30 SUMAC y Apéndice págs. 142-143; 144-147. Además, véase, Apéndice págs. 150-153.

[10] Entrada 31 SUMAC y Apéndice pág. 148.

[11] Entrada 36 SUMAC.

[12] Entrada 33 SUMAC y Apéndice págs. 211-213; 214-215.

[13] Entrada 34 SUMAC y Apéndice pág. 216.

[14] Entrada 35 SUMAC y Apéndice pág. 217.

**Estado Libre Asociado, cuando la moción solicitando la autorización se presentó apenas trece días después de que el Apelado-demandado divulgara la identidad del demandado correcto.**

En cumplimiento de nuestra *Resolución*, la parte demandada, por conducto de la Oficina del Procurador General, presentó el *Alegato del Estado*. Con la comparecencia de ambas partes, procedemos a resolver.

## II.

## A.

El Artículo 1536 del Código Civil, 31 LPRA sec. 10801, dispone que la persona que por culpa o negligencia cause daño a otra, viene obligado a repararlo. Para que prospere una reclamación por daños y perjuicios al amparo del referido precepto legal, se requiere la concurrencia de tres elementos, los cuales tienen que ser probados por la parte demandante bajo un *quantum* evidenciario de preponderancia: (1) el acto u omisión culposa o negligente; (2) la relación causal entre el acto u omisión culposa o negligente y el daño ocasionado; y (3) el daño real causado al reclamante. *Nieves Díaz v. González Massas*, 178 DPR 820, 843 (2010).

En torno a la causa de acción provista en la precitada disposición, para exigir la reparación de un daño extracontractual causado por culpa o negligencia, el Código Civil establece que el perjudicado tiene un término prescriptivo de un año, "**desde que la persona agraviada conoce la existencia del daño y <u>quién lo causó</u>**". (Énfasis nuestro). Art. 1204 (a) del Código Civil, 31 LPRA sec. 9496 (a). Cónsono con la teoría cognoscitiva del daño, el Tribunal Supremo ha reiterado que "este término comienza a transcurrir una vez el perjudicado conoció —o debió conocer— que sufrió un daño, **quién se lo causó**, así como los elementos necesarios para ejercitar efectivamente su causa de acción". (Énfasis nuestro). *Maldonado Rivera v. Suárez y otros*, 195 DPR 182, 194 (2016), que cita a *COSSEC et al. v. González López et al.*, 179 DPR 793, 806 (2010) y a *Colón Prieto v. Géigel*, 115 DPR 232, 247 (1984). Al respecto,

en *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 390 (2012), el alto foro apuntó:

> Por ello, **si mediante** el descubrimiento de prueba u **otro medio el agraviado conoce de la existencia de otro coautor** y del resto de los elementos necesarios para reclamarle, **el término prescriptivo contra ese alegado cocausante comenzará a transcurrir en ese momento**. Esto, pues un estatuto de prescripción cuyo efecto sea exigir a la parte demandante que presente una causa de acción antes de tener conocimiento de la existencia de ésta, **viola el debido proceso de ley**. (Énfasis nuestro).

**B.**

La Regla 15.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 15.4, permite la reclamación contra una persona cuyo nombre se desconoce, al designarlo en la demanda con un nombre ficticio. A esos efectos, la norma procesal dispone lo siguiente:

> Cuando una parte demandante ignore el verdadero nombre de una parte demandada, deberá hacer constar este hecho en la demanda **exponiendo la reclamación específica que alega tener contra dicha parte demandada**. En tal caso, la parte demandante podrá **designar con un nombre ficticio** a dicha parte demandada en cualquier alegación o procedimiento, y al descubrirse el verdadero nombre, **hará con toda prontitud la enmienda** correspondiente en la alegación procedimiento. (Énfasis nuestro).

Esta disposición es aplicable a la situación en que un demandante conoce la identidad, mas no el verdadero nombre de un demandado. Del mismo modo, es preciso que se haga constar en la demanda las reclamaciones específicas contra el demandado de nombre desconocido. *Padín v. Cía. Fom. Ind.*, 150 DPR 403, 417 (2000); *Núñez González v. Jiménez Miranda*, 122 DPR 134, 140 (1941). La parte reclamante puede valerse de los mecanismos de descubrimiento de prueba para "obtener los nombres verdaderos y las direcciones de los demandados designados con nombres ficticios y luego proceder a enmendar la demanda y emplazarlos personalmente". *Núñez González v. Jiménez Miranda, supra*, pág. 143. **Una vez se descubra y se advenga en conocimiento del verdadero nombre de la parte, la regla requiere que se presente con prontitud una enmienda a la alegación**. Entonces, se procederá a emplazar a la parte para que pueda comparecer y defenderse. La única

forma en que la decisión del tribunal surte efecto sobre la persona designada mediante un nombre ficticio es incluyendo su nombre correcto en la demanda y brindándole una notificación con tiempo suficiente para que pueda defenderse de la reclamación. *Núñez González v. Jiménez Miranda, supra*, pág. 141.

En armonía con la Regla 13.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 13.3, las enmiendas para sustituir el nombre del demandado ahora identificado se retrotraerán al momento en que se presentó la demanda original. La norma reza en parte como sigue:

> Siempre que la reclamación o defensa expuesta en la alegación enmendada surja de la conducta, del acto, de la omisión o del evento expuesto en la alegación original, las enmiendas se retrotraerán a la fecha de la alegación original.

> Una enmienda para sustituir la parte contra la cual se reclama se retrotraerá a la fecha de la alegación original si además de cumplirse con el requisito anterior y dentro del término prescriptivo, la parte que se trae mediante enmienda: (1) tuvo conocimiento de la causa de acción pendiente, de tal suerte que no resulte impedida de defenderse en los méritos, y (2) **de no haber sido por un error en cuanto a la identidad del (de la) verdadero(a) responsable, la acción se hubiera instituido originalmente en su contra**. (Énfasis nuestro).
> . . . . . . . .

Según se desprende de la norma, para que las enmiendas se retrotraigan al tiempo de la presentación de la demanda original, éstas deben surgir de la conducta, acto, omisión o evento expuesto en la alegación original. Por ende, si la demanda original se presentó oportunamente, las enmiendas también estarán en tiempo. "[N]o surgirá, pues, problema alguno de prescripción, no importa cuándo se hayan presentado las enmiendas". *Ortiz Díaz v. R&R Motors Sales Corp.*, 131 DPR 829, 837 (1992). En los casos en que la enmienda añade a un nuevo demandado, el alto foro ha opinado que el momento que determina el término prescriptivo es cuando se incluye el nuevo demandado por primera vez en la demanda", salvo lo dispuesto en las Reglas 15.4 y 13.3 de Procedimiento Civil, *supra. Ortiz Díaz v. R. & R. Motors Sales Corp.*, 131 DPR 829, 837-838 (1992). Finalmente, ante una solicitud de

enmienda a las alegaciones, los tribunales en su discreción deben evaluar con liberalidad los siguientes criterios: "(1) el impacto del tiempo transcurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada". *S.L.G. Font Bardón v. Mini-Warehouse*, 179 DPR 322, 334 (2010); *S.L.G. Sierra v. Rodríguez*, 163 DPR 738, 748 (2005).

**III.**

En la presente causa, en el único señalamiento de error, la parte apelante alega que el TPI incidió al no autorizar la solicitud de segunda enmienda a la reclamación civil para incluir como parte demandada a la AEP, dueño del plantel escolar. Por su parte, el Estado expresa conformidad con dicho planteamiento, aunque interpreta que el TPI no justipreció la solicitud de enmienda.

De entrada, huelga mencionar que la AEP, a diferencia del Estado y el DEPR, es una corporación pública con capacidad para demandar y ser demandado, por lo que no se requiere notificar al Secretario de Justicia. El Artículo 5 (a) (4), *Poderes*, de la Ley Núm. 56 de 19 de junio de 1958, *Ley de la Autoridad de Edificios Públicos*, 22 LPRA sec. 906 (a) (4), establece textualmente que la AEP tiene capacidad "para demandar y ser demandada, querellar y defenderse en todos los tribunales de justicia y organismos administrativos, al igual que participar en procedimientos de métodos alternos de solución de disputas". Por lo tanto, la desestimación decretada en el caso KLCE202500313 no contraviene en lo absoluto el devenir de la reclamación de los apelantes en contra de una entidad distinta al Estado y al DEPR.

De conformidad con la Regla 15.4 de Procedimiento Civil, *supra*, tanto en la *Demanda* original, como en la *Demandada Enmendada*, la parte apelante incluyó en el inciso 1.4 a "Fulanos de tales son personas de nombre desconocido que son responsables por los daños sufridos por los demandantes". Luego, en sus alegaciones fácticas, describió específicamente las condiciones peligrosas del plantel y el incidente en el

que J.G.S. resultó perjudicado. Entonces, mediante la *Contestación a Demanda Enmendada* interpuesta el 28 de mayo de 2025 por el Estado y el DEPR, la parte apelante advino en conocimiento que la AEP es la verdadera titular del plantel escolar sobre el cual descansan sus alegaciones. De manera diligente y oportuna, el 16 de junio de 2025, solicitó enmendar la reclamación para sustituir el demandado con nombre desconocido por el de la AEP. Reprodujo su petición el 15 de enero de 2026, cuando culminaron los procedimientos apelativos. Teniendo en cuenta que la norma procesal dispone que el permiso para enmendar las alegaciones se concede de forma liberal, ante el tracto procesal esbozado y la temprana etapa de los procedimientos, es forzoso colegir que el TPI erró al denegar de plano la solicitud de enmienda, la cual satisfizo los rigores de las Reglas 13.3 y 15.4 de Procedimiento Civil, *supra*. Por consiguiente, procede la *Moción [solicitando] autorización para presentar Segunda Demanda Enmendada para incluir a la Autoridad de [Edificios] Públicos como codemandada* conforme fue peticionada. En consecuencia, se devuelve el caso ante la consideración del TPI para la continuación de los procedimientos.

**IV.**

Por los fundamentos expuestos, los cuales hacemos formar parte de este dictamen, revocamos, en parte, la *Sentencia* apelada, a los fines de proceder con la *Segunda Demanda Enmendada*. En consecuencia, se devuelve el caso ante la consideración del Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones